## S. R. Callaway, Receiver, v. Sarah E. Spurgeon, Administratrix.

1. CORONERS—*Excess of Jurisdiction.*—It is not within the jurisdiction of a coroner or of the jury impaneled by him at an inquest, to inquire who, or whether any one, is legally liable to respond in damages because of the death of the person upon whom the inquest is held.

2. CORONER'S VERDICT—*As Evidence, Extraneous Matter Stricken Out.*—A finding in a coroner's verdict that a death was not occasioned by negligence of a character sufficient to support an action at law for damages, is extra-judicial and void, and is properly stricken out before the verdict is admitted in evidence in action for damages resulting from the death of the person in question.

3. DAMAGES—*Elements of—Death of a Minor from Negligence.*— Parents are entitled to services of a minor until he becomes of age, and the law implies pecuniary loss to them by reason of his death. It is proper to estimate such loss from proof of. the age of the minor and the number of years he would render services to his parents, considered in connection with the knowledge and experience possessed by the jurors in relation to matters of common observation.

4. EVIDENCE—*Personal Characteristics to Enhance Damages.*—In an action to recover damages for the death of a minor child owing service to its parents, proof of personal characteristics may be introduced to enhance the damages.

5. SPECIAL FINDINGS—*When not Inconsistent with the General Verdict.*—In an action against a railroad company for killing a child who was a trespasser upon the track, the jury returned a verdict in favor

of the plaintiff, and also a special finding that the engineer did not purposely or willfully run the locomotive against the child. *Held*, that the special finding was not inconsistent with the general verdict, as the controlling question was, whether the engineer exercised ordinary care after he discovered the child upon the track, to avoid injuring her.

**Trespass on the Case.**—Death from negligent act. Appeal from the Circuit Court of Coles County; the Hon. Ferdinand Bookwalter, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 21, 1895.

Bayless, Guenther & Clark, attorneys for appellant; Clarence Brown, of counsel.

Hughes & Hayes, attorneys for appellee.

Mr. Justice Boggs delivered the opinion of the Court.

On the 3d day of June, 1893, Goldie M. Spurgeon, a girl aged nine years and five months, while walking along the track of the Toledo, St. Louis and Kansas City Railroad upon a bridge across Kickapoo creek, in Coles county, Illinois, was run upon, struck, and instantly killed by an engine attached to and drawing a passenger train. She was at the time in company with one George Walters, her uncle, a man of mature age, both of whom were walking together and endeavoring to make their way across the bridge. They were trespassers on the track of the appellant's road, and both were struck at same time by the same train, but he was more fortunate than she and suffered only to the extent of a broken arm and other less serious hurts.

In the preceding case, in which said Walters was appellee and the appellant company and the engineer Kemp were appellants, we affirmed a judgment rendered in favor of Walters for the damages sustained by him on the occasion in question.

This is an appeal from a judgment rendered in favor of the appellee as administratrix of Goldie M. Spurgeon in an action on the case, under the statute to recover damages occasioned by her death to her father and mother, her next of kin.

The two cases are substantially the same in point of law

and fact and there is therefore no reason why we should repeat here what was said in the Walters case as to the rules of law relative to the duty of an engineer toward a trespasser discovered to be upon the track and in danger.

The chief question of fact in that case as in this was, did the engineer, after he discovered Walters and the girl upon the bridge and in danger, use due care to avoid injuring them. The evidence bearing upon it was not materially different, and we are constrained to accept the conclusion of the jury in one case as in the other.

The appellant in the case at bar offered in evidence the verdict of the coroner's jury returned in the course of an inquest held over the body of the girl. It contained a finding that "her death was the result of an unavoidable accident."

The court erased the word "unavoidable" before permitting the verdict to be read to the jury.

An "unavoidable accident" is defined as "one not occasioned in any degree, remotely or directly, by such want of due care as the law holds every one bound to exercise." Anderson's Law Dictionary.

It is not within the jurisdiction of a coroner or of the jury impaneled at an inquest to inquire who or whether any one is legally liable to respond in damages because of the death of the deceased.

A finding in such a verdict that death was not occasioned by negligence of a character sufficient to support an action at law for civil damages, is extra-judicial and therefore void.

Had the verdict gone to the jury without any change, as it should have done, it would have been the duty of the court to instruct the jury to disregard the finding that the killing was the result of an "unavoidable" accident, and that it was their province to determine whether the death was occasioned by a want of due care.

Striking out the word had no greater effect than would such instructions. Hence the appellant was not prejudiced thereby.

It was not indispensable that proof of the value of the labor of the child should be made in order to warrant the

assessment of damages for the benefit of the father and mother.

They were entitled to her services while she was a minor and the law implies pecuniary loss to them by reason of her death. It could be estimated by the jury from proof of the age of the child and the number of years she would render service to her parents, considered in connection with the knowledge and experience possessed by the jurors in relation to matters of common observation. Proof of personal characteristics of the deceased may be introduced to enhance the damages, but it is not necessary that such testimony should be produced. City of Chicago v. Scholten, 75 Ill. 468; City of Chicago v. Hessing, 83 Ill. 204.

Instruction No. 17, which was refused, advised the jury an engineer is not required by law to stop his train the moment he discovers a person walking upon the track, but may assume such person will leave the track in time to escape danger, etc.

If such an instruction is ever proper, it was not so in this case, because it was wholly inapplicable to the situation. The assumption a person who is walking upon the track of a railroad, and who can leave it by stepping from it upon the ground to the right or left, could not be indulged in as to one who is upon the track upon a bridge.

Instruction No. 23 to the effect an engineer is not to be deemed guilty of wantonness or willful negligence, simply because he may fail to notice a person on the track, was properly refused.

It had no application to facts of the case.

It was proven and conceded the engineer saw the girl and Walters upon the bridge, and the right to recovery was based upon the claim he failed, after seeing them, to use ordinary care to avoid striking them.

The refused instruction No. 25 was but a repetition of the principles announced in instructions No. 13, 18 and 24, which were given.

The court gave twenty instructions at request of appellant, and in them stated the law of the case fully and fairly, as we conceive it to be.

It is urged the special findings returned by the jury demanded a general verdict for the appellant.

Three questions were submitted. By the answer to the first the jury found the deceased was a trespasser upon the track of appellant's railroad and the finding of the second is the engineer after he discovered her on the track, did not use the means in his power to stop the train and thus avoid striking her. The finding of third special answer is the engineer did not purposely or willfully run the locomotive against and over the child.

The contention these special findings are consistent only with a general verdict for the defendants, rests upon the assumption of counsel for appellant that, to quote from their brief, "the ultimate and controlling question in this case was whether or not the engineer willfully, wantonly or purposely killed the child."

If we are right in the view expressed in the Walters case the controlling question was whether the engineer exercised ordinary care after he discovered the child to avoid injuring her.

Tested by this view the special findings are consistent with the general verdict returned for the appellee and would be inconsistent with any other verdict.

We are impressed with the correctness of this as the true rule of law, and also that the evidence presented it as a fair question of fact to be determined by the jury whether such care was exercised.

We think there is no error of reversible character in the record. The judgment is affirmed.