Fan M. Reed, Administratrix of Estate of Ralph A. Reed, Deceased, Appellant, v. Marie Landau, Administratrix of Estate of Otto Landau, Deceased, Appellee.

**Gen. No. 9,390.**

Heard in this court at the October term, 1943. Opinion filed October 25, 1943. Rehearing denied January 17, 1944.

CRAIG & CRAIG, of Mattoon, for appellant.

HAL M. STONE, of Bloomington, and LINDLEY, PACEY & PACEY, of Gibson City, for appellee.

MR. JUSTICE HAYES delivered the opinion of the court.

This case arises out of an automobile collision which occurred on October 30, 1941 about 4:30 p. m. in Ford county, just north of Gibson City, Illinois. Ralph Reed was riding in a car owned and operated by William H. Dykes, which car was traveling in a southerly direction on State Route No. 47. Coming in a northerly direction were two cars,—one driven by Sam Bunting, Jr., and following it another car owned and operated by Otto Landau. Landau passed the Bunting car and returned to his own lane on the pavement and proceeded in that lane for some five to fifteen rods. His car then swerved into the opposite lane of traffic where it collided with the car driven by Dykes in which Reed was riding. Reed was seriously injured as a result of the accident and later died. This action was brought by his administratrix against the administratrix of Landau's estate in the circuit court of Ford county. A trial was had before a jury and at the close of plaintiff's case the court, on motion of the defendant, directed a verdict for defendant and entered judgment thereon. Plaintiff has appealed to this court.

The sole issue in this case is whether there was, as a matter of law, sufficient evidence to support a finding by a jury that defendant's intestate was negligent. It appears from the record that prior to the time of the accident it had been raining; that the pavement

was wet, and that visibility was fair to good, although there was a slight drizzle. Both Dykes and Landau had their car lights on and both were traveling between 45 to 50 miles per hour. Dykes and Bunting who were eyewitnesses both testified that the Landau car skid into the opposite lane of travel but neither could establish the cause of the skidding. Plaintiff contends that the speed at which defendant's intestate was traveling on a wet pavement was sufficient evidence of negligence to submit the case to the jury and further argues that negligence can be inferred under the doctrine of *res ipsa loquitur*.

The question before the trial judge on the motion to direct a verdict and before us on this appeal is not whether defendant's intestate was guilty of negligence but rather whether a jury of reasonable men and women could properly find him negligent on the evidence introduced by plaintiff.

We have recently summarized the cases and set forth the rule on this question in *Carrell v. New York Cent. R. Co.,* 317 Ill. App. 481, 47 N. E. (2d) 130. We there said: "Upon a motion of the defendant for a directed verdict, the court can only determine whether or not there was any evidence, which, with all reasonable inferences therefrom, viewed in the light most favorable to the plaintiff, tended to prove the material allegations of the complaint or some count thereof. If there was such evidence, it became the duty of the trial court to deny the defendant's motion for a directed verdict and to submit controverted issues of fact to the jury, subject only to the giving of proper written instructions by the court as to the law applicable thereto. A motion to direct a verdict should be allowed, if, when all the evidence is considered, with all reasonable inferences to be drawn therefrom in its aspect most favorable to the party against whom the motion is directed, there is a total failure to prove one or more necessary elements of the case." Apply-

ing this rule to the present case we do not believe that there was such a failure of proof. Defendant's intestate was under a duty to exercise reasonable care in driving his car. While the jury might properly find that he did so under the circumstances of this case, we do not believe that the trial court was justified in so holding as a matter of law. The degree of care and the rate of speed required of a driver of a car on a wet pavement at dusk is a question peculiarly in the province of the jury to determine.

Because we believe the question of negligence was raised by plaintiff's evidence and should properly have been passed upon by a jury we do not find it necessary to determine whether the doctrine of *res ipsa loquitur* applies here.

The judgment of the circuit court of Ford county is reversed and the cause is remanded to that court for a new trial.

*Reversed and remanded.*