Daniel Murphy, Plaintiff-Appellant, v. Susie Kumler, Executor of Estate of Charles G. Kumler, Deceased, Defendant-Appellee.

Gen. No. 9,751.

Opinion filed May 31, 1951. Rehearing denied September 27, 1951. Released for publication September 27, 1951.

COSTIGAN, WOLLRAB & YODER, of Bloomington, and CASSIDY & SLOAN, of Peoria, for appellant.

STONE, STONE & HESS, of Bloomington, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Daniel Murphy, plaintiff-appellant, hereinafter called the plaintiff, brought this appeal from a not guilty verdict of a jury in the circuit court of McLean county. It is a negligence action resulting from an automobile collision which occurred on U. S. Route No. 150 on November 24, 1947, about 7:00 A.M.

The plaintiff produced all of the witnesses, none being called by Susie Kumler, Executor of the estate of Charles G. Kumler, deceased, defendant-appellee, hereinafter called the defendant.

The facts are that the plaintiff, while driving his car on his proper side of U. S. Route No. 150, collided with a car owned and operated by Charles G. Kumler. The Kumler car was traveling in the opposite direction to the plaintiff, at about 25 miles per hour, on an icy pavement, while it was snowing. As the two cars approached a curve in the highway, and within 50 to 60 feet distance between them, the Kumler car started to skid, and turned sideways in the road, with part of the car across the black center line of the highway into the path of the automobile operated by the plaintiff. The plaintiff Murphy remained on his side of the road and was not in a skid. At the point of the impact about half of the deceased's car was on the wrong side of the road, or in the lane properly belonging to Murphy, the plaintiff. The plaintiff sustained a fracture of his knee which required surgery, and resulted in the permanent loss of about 20 per cent of its function.

The defendant offered no proof, and the court denied the plaintiff's motion for a directed verdict.

Before considering the merits of the plaintiff's appeal it should be mentioned that the defendant filed two defenses in her answer. The first defense was that the accident in question occurred on November 24, 1947; that the suit was filed on the 16th day of November, 1948, and summons served on defendant Charles G. Kumler on the 29th day of November, 1948; that Kumler filed his answer on the 3rd day of December, 1948,

and thereafter died on the 21st day of December, 1948, leaving a will which was admitted to probate on the 28th day of December, 1948; that the defendant Susie Kumler qualified as Executor on the 29th day of December, 1948; filed her inventory on the 28th day of February, 1949; and filed her final report and was discharged on the 10th day of November, 1949. On the 25th day of January, 1950, the plaintiff filed his petition in the probate court of McLean county to vacate the final report and set aside the order of discharge, which petition was allowed on the 30th day of January, 1950. Thereafter, on the 7th day of February, 1950, the plaintiff filed his motion in this cause to substitute as defendant Susie Kumler, Executor of the estate of Charles G. Kumler, deceased, and an order was entered substituting her on the 3rd day of March, 1950. On that day a summons was issued, and served upon the defendant, Susie Kumler, as such Executor, on the 13th day of March, 1950. From those facts the defendant contends that it appears that said substitution and summons were not had in apt time; that the suit against the defendant as Executor of the estate of Charles G. Kumler, deceased, was not filed at any time during the nine-months period allowed by statute for the filing of claims against the estate of deceased persons. Chapter 3, par. 356, sec. 204 Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 110.453].

The second defense was in the nature of a general denial of the material allegations of the complaint. This was the same as was filed during the lifetime of Charles G. Kumler.

The legal sufficiency of the first defense was raised when the plaintiff made a motion to strike. The court took the motion under advisement until the trial, and after the close of the plaintiff's case overruled the motion. Thereafter the defendant made her motion based upon the first mentioned defense, requesting that the

court instruct the jury to find the defendant not guilty. The ruling on this motion of the defendant was reserved by the court and was never passed upon.

 The defendant now urges that the trial court erred in not allowing her motion to instruct the jury to find the defendant not guilty. Without intending to determine the many other issues suggested by the situation, this court is without authority to consider a matter not passed upon by the trial court. It is stated by both parties, and the abstract confirms the fact, that the trial court never passed upon the defendant's motion for a directed verdict based upon the first defense contained in the defendant's answer. In *Goodrich v. Sprague,* 376 Ill. 80, the Supreme Court held unconstitutional a section of the Civil Practice Act which permitted the Appellate Court to pass upon a motion for a new trial not passed upon by the circuit court. At page 86 it stated:

''The office of Appellate Court is to review rulings, orders, or judgments of the court below, contained in the record, and matters not ruled upon by the inferior court are not subject to the consideration of the Appellate Court unless the lower Court's failure to rule is made the subject of an assignment of error, in which case the propriety of such failure is the question presented to the Appellate Court and not the merits of the matter upon which the trial court refuses to act. In other words, the Appellate Court's jurisdiction is appellate, and extends only to those matters in controversy which have been ruled upon by the trial court.''

The appellant complains of the giving of Instruction E as follows: ''The Court instructs the Jury that the failure of the driver of a motor vehicle to keep to the right side of the highway is excused where without negligence on his part the machine skids across the center line.''

291

██ The causes of one skidding an automobile on a wet or icy pavement are manifold, and are most often hidden within the breast and mind of the operator of the skidding car. On an icy pavement a momentary lapse of memory, a glance toward a passenger, or any other slight distraction, as well as speed or other improper handling might cause the skidding. It might even be a defect in the mechanical condition of the vehicle. Certainly it is not incumbent upon the plaintiff to show conclusively why the defendant was on the wrong side of the road or the exact cause of the skid. Only on rare instances would that knowledge be possessed by the plaintiff. With the Uniform Motor Vehicle Act of our state requiring the driver to operate his car to the right of the center line of the highway, this instruction would place an unintended burden on the plaintiff to show, not only that the deceased was on the wrong side of the road, but why he was there, and that he was there because of his negligence. In a collision such as this, where one of the cars is on the wrong side of the highway and out of control, certainly it is the duty of the defendant to show that he was in that situation because of some particular reason other than his own negligence. The instruction does not explain, as it should, that the burden is the defendant's to prove excuse or justification for being on the left side of the highway at the time of the collision, and for being in violation of the statute. *Hill v. Hiles,* 309 Ill. App. 321, at page 326 holds that a violation of a statute which prescribes a duty for the protection and safety of persons is prima facie evidence of negligence if such violation caused or contributed to cause the injury, and cites: *United States Brewing Co. v. Stoltenberg,* 211 Ill. 531; *True & True Co. v. Woda,* 201 Ill. 315.

██ The jury was also instructed in Instruction H that a particular rule of law "is binding in law and must govern you in deciding this case; and you have

no right to disregard this rule or adopt any other in lieu thereof, but in considering the evidence and in arriving at your verdict you should adhere strictly thereto." In *Chism v. Decatur Newspapers, Inc.,* 340 Ill. App. 42, at page 50, and *Alexander v. Sullivan,* 334 Ill. App. 42, *Parker v. Peoria Transportation Co.,* 338 Ill. App. 210, this court has condemned the singling out of a particular instruction and telling the jury that they must follow what the court has said about that particular rule of law. It is argumentative and its implications might mislead a juror into the idea that he need follow only that particular rule of law and disregard the other instructions given. With other errors in instructions, this practice weighs heavily toward causing a reversal.

█ Instruction D tells the jury that Kumler was required to exercise due care only "at the time of and immediately prior to the collision." The appellant contends that all of the evidence shows a skid of 20 to 30 feet before the collision and the instruction fails to place the proper legal duty on Kumler of being in the exercise of due care at and prior to the time the car went into the skid. It could well be that the skidding of the automobile was the natural result of excessive speed or other negligence on the part of the defendant, occurring some distance before the actual collision. If such were the case this instruction would be misleading and would have misstated the law. This instruction has been given many times, and often it is proper, depending on the facts in evidence on the particular case. It should not, however, have been given under this particular state of facts.

The plaintiff urges that the verdict is against the weight of the testimony, and at the close of the evidence the court should have directed a verdict for the plaintiff. As we analyze the facts in evidence, the plaintiff was in his proper lane, with his car under control, and

293

the defendant was in a skid, with his car out of control and half way across the center line of the highway. This is not in dispute. The collision occurred on the plaintiff's side of the road. This is the evidence produced by the plaintiff and it is exactly where the defendant permitted the proof to remain. It was incumbent upon the defendant to show that the skid and the resultant position of decedent's car on the wrong side of the highway at the time of the collision was accomplished without negligence on decedent's part. His failure to do this leads us to conclude that reasonable minds would agree that the defendant was negligent.

The verdict was contrary to the weight of the testimony, and the jury instructions were sufficiently erroneous to prevent this plaintiff from having had a fair trial.

The judgment is reversed and the case is remanded to the circuit court of McLean county for a new trial.

*Reversed and remanded.*