Ruth Wallis and Verla Hodgson, Plaintiffs-Appellees, v. James Villanti, Defendant-Appellant.
James Villanti, Counterplaintiff-Appellant, v. Ruth Wallis, Counterdefendant-Appellee.

Gen. No. 9,940.

Opinion filed May 21, 1954. Rehearing denied June 21, 1954. Released for publication June 21, 1954.

HEYL, ROYSTER & VOELKER, of Peoria, for appellant; CLARENCE W. HEYL, JOHN H. ROYSTER, and WILLIAM J. VOELKER, JR., all of Peoria, of counsel.

LOUIS F. KNOBLOCK, and CLIFFORD E. SCHNEIDER, both of Peoria, for appellee; LOUIS F. KNOBLOCK, and CLIFFORD E. SCHNEIDER, both of Peoria, of counsel.

MR. PRESIDING JUSTICE REYNOLDS delivered the opinion of the court.

This case grows out of a collision between an automobile driven by the plaintiff Ruth Wallis, and one driven by the defendant James Villanti, on Illinois Route No. 87, at about 4:45 p. m. February 15, 1952. The plaintiff was driving north, and had as a guest the other plaintiff, Verla Hodgson, while the defendant, accompanied by his wife, was driving south. The two cars collided on an icy road, and the two plaintiffs were injured. They brought suit against the defendant, and he in turn, filed his counterclaim against the plaintiff Ruth Wallis. The case was tried before a jury, and the jury returned a verdict finding the defendant guilty and fixed the damages of Ruth Wallis at $7,500 and those of Verla Hodgson at $9,000. A verdict of not guilty as to Ruth Wallis was returned in the counterclaim of the defendant. The trial court denied motions for judgment notwithstanding the verdict, and for new trial, and entered judgment upon the verdict in each case. From these judgments the defendant appeals to this court.

The accident occurred on a paved highway where the highway was practically straight and fairly level. It seems undisputed that the pavement was icy in places and that there was some snow on the road. The center line of the road was obscured in places by the ice and snow. The defendant was some short distance from the

448

approaching car of the plaintiff Ruth Wallis, when his car passed over a "bump" or a dip in the pavement. When his car hit this bump, his car started to slide on the ice, and skidded into the center of the pavement. He was in this position, either still sliding forward at the time but just about stopped, or was stopped, at the time the collision occurred. There is some question as to the position of the Wallis car at the time of the collision, some of the witnesses placing it in the center of the road, and others testifying that at no time was the Wallis car out of its proper lane. Both plaintiffs were injured. The speed of the Wallis car has been placed by some at 25 miles per hour, and one witness, Verla Hodgson testified that the Villanti car was traveling twice as fast as the Wallis car. Ruth Wallis did not remember anything that happened, either just before or after the accident. The plaintiff Verla Hodgson who was riding in the front seat with the plaintiff Wallis, saw the Villanti car about 4 to 6 lengths ahead, and according to her own testimony did not say anything to the plaintiff Wallis, and that Wallis kept driving at the same rate of speed until the collision. Miss Hodgson also testified that she only saw the Villanti car when it started cutting across the road in front of them. Villanti testified that the Wallis car was about 50 feet away when his car started to skid. He placed the speed of the Wallis car at 25 to 30 miles per hour. Sergeant Kenneth G. Cobb, of the Illinois State Police testified that he went to the scene of the accident as soon as notified which was a short time after the accident. Both Miss Hodgson and Miss Wallis had been removed to hospitals but Mr. Villanti was still there. Sergeant Cobb testified that the cars were, so far as he could tell, in the same position as when the collision occurred. He based this upon the debris on the highway. His testimony placed the Villanti car at the time

of the collision in the center of the road, and the Wallis car in its proper lane.

The defendant assigns 16 errors as ground for reversal. Without going into each one separately, this court will try and dispose of the case upon the points and authorities cited in support of the contentions of the defendant. The first point that is urged is that there is no inference of negligence from the happening of an accident. That negligence is a positive wrong and the burden of proving it is upon the party averring it, not upon the defendant to disprove it. The contention that negligence is a positive wrong and the burden of proving it is on the party averring it, is the law in Illinois, although negligence may be either by commission or omission. It may be proven by direct evidence or by giving in evidence such facts and circumstances as will afford a reasonable inference to that effect. The contention of the defendant that there is no inference of negligence from the happening of an accident needs analysis. There are five cases cited in support of this theory, namely, *Welch v. Herman,* 337 Ill. App. 322; *Bradley v. Thomas M. Madden Co.,* 333 Ill. App. 153; *Coulson v. Discerns,* 329 Ill. App. 28; *Casey v. Chicago Rys. Co.,* 269 Ill. 386 and *Roberts v. City of Rockford,* 296 Ill. App. 469. Four of these cases deal with matters or accidents where a child or person was killed and there was absolutely no testimony to show any negligence on the part of the defendant. The reviewing courts in these cases held that the mere fact that a person was killed or injured does not impute negligence to the defendant. The fifth case is much in line with this case. In that case, namely, *Bradley v. Thomas M. Madden Co.,* 333 Ill. App. 153, which is an abstract opinion, the court held that where defendant's pickup truck skidded on an icy road and collided with plaintiff's vehicle coming from an opposite direction, both cars traveling at speed of 20 miles per hour, that

450

in absence of any evidence of facts or circumstances that tended to show that defendant's driver was guilty of any negligence that caused truck to skid, damage to plaintiff's vehicle was result of unavoidable accident. "Unavoidable accident" has been defined by an Illinois court, as "An accident not occasioned in any degree, remotely or directly, by such want of due care as the law holds every person bound to exercise." *Callaway v. Spurgeon,* 63 Ill. App. 571. While we find no Illinois case directly in point, a number of jurisdictions have held that "accident" and "unavoidable accident" are synonymous. *Leland v. Empire Engineering Co.,* 135 Md. 208, 108 Atl. 570, 575; *Hunt v. Whitlock's Admr.,* 259 Ky. 286, 82 S.W.2d 364; *United States v. Kansas City Southern Ry.,* 189 Fed. 471, 477; *Uncapher v. Baltimore & O. R. Co.,* 127 Ohio St. 351, 188 N. E. 553. There is one Illinois case, *Gordon v. Current,* 263 Ill. App. 435, where a verdict finding the defendant guilty of negligence was held to be not against the manifest weight of the evidence, where defendant had been driving at the rate of 40 miles per hour and was several hundred feet behind a truck, and upon seeing the plaintiff's car approaching, the defendant slowed to 15 or 20 miles per hour, and in using the brake to slow down, the car skidded and turned around, and other testimony was presented tending to show that the defendant lost control of his car, and other witnesses testified that the defendant admitted that it was his fault that the accident occurred. This presents the matter of determining whether or not the collision was the result of an "accident," or whether or not there was any negligence on the part of the defendant. This would seem to this court to be a question of fact. If it is a question of fact, it is a matter to be decided by the jury. The contention of the defendant is that the matter is a question of law. We cannot subscribe to that view. It has been held in Illinois that unless the evidence is such

451

that all reasonable minds would agree that the defendant was not negligent in his acts, or that the injury complained of was the result of the plaintiff's own negligence, it is a question of fact and not of law. *McDonald v. Stiner,* 342 Ill. App. 651; *Monroe v. Illinois Terminal R. Co.,* 346 Ill. App. 307. In the *McDonald* case the court said: "Negligence does not become a question of law alone unless the acts constituting it are of such a character that all reasonable men would concur in pronouncing it so." This rule of law as to the negligence on the part of the defendant would also apply to the question of contributory negligence on the part of the plaintiff. If, it was a question of fact, as to the negligence of the defendant, or the contributory negligence of the plaintiff, and we think it was, the verdict of the jury will only be overruled by this court, where clearly and palpably erroneous. *Lurie v. Newhall,* 333 Ill. App. 173; *Vancuren v. Vancuren,* 348 Ill. App. 351; *Fisher v. Illinois Terminal R. Co.,* 350 Ill. App. 555. Here, the defendant was driving on an icy pavement at a rate of 10 to 15 miles per hour, according to his own testimony. The weather was very bad, foggy and misty. The road was partially covered with ice and snow. Whether or not the defendant could see the dip or bump that started his skid, is unimportant. He was well aware of the conditions under which he was driving. He had a duty to drive so that he had control of his car at all times. Possibly a speed of 10 to 15 miles per hour was too fast. That presents one of the questions of fact that the jury passed upon, with other matters presented by the evidence.

 The defendant complains that the trial court should have granted his motions for directed verdicts. The rule is well established in Illinois, that this would only be proper when the evidence on the part of the plaintiff, together with all reasonable inferences arising therefrom, fails to show any case at all. That is

not the case here. The evidence of Miss Hodgson, placing the speed of the Villanti car at twice the speed of the Wallis car or at 40 to 50 miles per hour, with the rest of the evidence of the condition of the road, the weather and other factors, would prevent the trial court from directing a verdict in favor of the defendant.

The question of contributory negligence is argued by the defendant. This also would come within the province of the jury in determining the facts.

It is the considered opinion of the court that the verdicts of the jury should not be disturbed and therefore the judgments of the trial court are affirmed.

*Affirmed.*

CARROLL and HIBBS, JJ., concur.