Lewis H. Tomlinson, Plaintiff-Appellee, v. Herman Chapman, Defendant-Appellant.

Gen. No. 59–O–6.

Fourth District.

January 28, 1960.

Released for publication February 15, 1960.

Baker, Kagy, and Wagner, Wagner, Conner, Ferguson, Bertrand, and Baker, of East St. Louis (Bernard H. Bertrand and Francis D. Conner, of counsel) for appellant.

Moran and Beatty, of Granite City, for plaintiff-appellee.

JUSTICE HOFFMAN delivered the opinion of the court.

This was a suit for personal injuries arising out of an automobile collision between a motor vehicle operated by plaintiff Lewis H. Tomlinson and a motor vehicle being operated by the defendant Herman Chapman. At the close of all the evidence, the court directed a verdict for the plaintiff on the question of liability and submitted only the question of damages to the jury. The jury awarded the plaintiff the sum

of $20,000. The defendant brings this appeal asking that the judgment be reversed and the cause remanded to the trial court for a new trial. As grounds for the reversal, he complains that the court erred in directing a verdict finding the defendant liable and, in addition, complains that the verdict of the jury was excessive.

The occurrence in question took place at about 10:45 p. m. on the evening of November 7, 1957. It was raining at the time, and the night was foggy. The defendant and a girl friend had been riding around for several hours that evening and were descending a viaduct on Route 67 just outside of Madison, Illinois. The plaintiff was approaching the viaduct from the opposite direction. As the defendant proceeded, his right wheels went off the right side of the pavement, and his car began to skid as he attempted to bring it under control. The plaintiff, seeing the skidding defendant coming towards him, attempted to avoid the impending collision by turning to the right but was unable to do so, and the crash occurred.

■ The defendant strenuously argues that the trial court committed reversible error in directing a verdict for the plaintiff. It is the defendant's position that it could not be determined from the facts as presented that he was on the wrong side of the road and that his negligence caused the accident. He states that "there is not one scintilla of evidence that the accident occurred on the plaintiff's side of the highway." The defendant then cites elementary law to the effect that the motion should be denied if there is any evidence, standing alone, which tends to prove that the defendant was not negligent or that the plaintiff was guilty of contributory negligence. He further argues that the place of the occurrence of this collision is in such dispute that it presented a fact question which could not be taken from the jury. The trial judge was of the opinion that the defendant's own testimony, to the

effect that his car went off the pavement and then, when he brought it back, skidded across the highway to hit plaintiff's car, which was on its proper side of the highway, showed defendant was guilty of negligence as a matter of law.

■ To properly respond to defendant's arguments, we must carefuly examine all the evidence which bears upon this point to determine whether or not reasonable minds might have come to a different conclusion (Tucker v. New York, C. & St. L. R. Co., 12 Ill.2d 532, 147 N.E.2d 376, Lindroth v. Walgreen Co., 407 Ill. 121, 94 N.E.2d 847) and whether or not defendant has shown a defense. Wallis v. Villanti, 2 Ill.App.2d 446, 120 N.E.2d 76. The only evidence on this subject offered during the trial was that given by the defendant, the plaintiff and the defendant's girl friend. We have examined their testimony from the record itself.

The plaintiff testified that when he first saw the defendant, the defendant was over on plaintiff's side of the road; that he then swung back on his own side and then came across again; that he, the plaintiff, applied his brakes and swung his car to the right to try to miss the defendant; and, that is all he remembers. On cross-examination, the plaintiff testified positively that the defendant came over on the plaintiff's side of the highway.

The defendant testified on direct examination that his right wheels dropped off the side of the highway, and that when he cut the wheels back, the car started to skid; that it skidded out towards the center. On cross-examination, defendant stated that he was skidding towards plaintiff's lane; that plaintiff was coming down his own side of the highway when the accident happened; and, that his skidding across the road was the cause of the accident.

The testimony of the defendant's friend merely verified that the right wheels of defendant's car

195

slipped off the road, and defendant then skidded. She did not recollect seeing the plaintiff's vehicle prior to the accident, nor did she remember anything more about the occurrence.

Clearly, the evidence establishes that the sole cause of the accident was defendant's conduct. His driving too near the edge of the road precipitated the events leading to the collision. There is no evidence to establish, directly or by inference, that plaintiff was anywhere but where he had a lawful right to be, nor that he was not in the exercise of due care for his own safety. There is ample evidence that plaintiff was struck by defendant in plaintiff's lawful lane and there is no basis in the evidence for inferential deductions to the contrary. On this, reasonable minds would not disagree. Applicable are the remarks contained in the opinion in Murphy v. Kumler, 344 Ill. App. 287, 292, 100 N.E.2d 660, 662.

"The causes of one skidding an automobile on a wet or icy pavement are manifold, and are most often hidden within the breast and mind of the operator of the skidding car . . . a momentary lapse of memory, a glance toward a passenger, or any other slight distraction, as well as speed or other improper handling might cause the skidding. It might even be a defect in the mechanical condition of the vehicle. Certainly it is not incumbent upon the plaintiff to show conclusively why the defendant was on the wrong side of the road or the exact cause of the skid. Only on rare instances would that knowledge be possessed by the plaintiff. . . . In a collision such as this, where one of the cars is on the wrong side of the highway and out of control, certainly it is the duty of the defendant to show that he was in that situation because of some particular reason other than his own negligence . . . the burden is the defendant's to prove excuse or justification for being on the left side of the highway at the time of the collision."

196

■ The failure of the defendant here to give any explanation for his skidding into the plaintiff, and there is no such explanation anywhere in the record, was sufficient, in this case, to justify the court's directed verdict. See Ceeder v. Kowach, 17 Ill.App.2d 202, 149 N.E.2d 766; Schoen v. Wolfson, 263 Ill. App. 414.

The second point upon which the defendant relies is that the verdict was excessive. He argues that the verdict was not based solely upon the law and the evidence, but that it rested upon mathematical exaggerations of plaintiff's pain and suffering asserted by plaintiff's attorney during the final argument. Defendant argues that the graphic exaggeration of the extent of the injury, the erroneous claims of wage losses, the arbitrary monetary evaluation of past pain and future pain and suffering, so glibly presented to the jury by plaintiff's counsel, resulted in the placing, by the jury, of a valuation on damages wholly out of proportion to the injury sustained.

■ ■ The amount of damages is primarily a question of fact for the jury to determine (Hulke v. International Mfg. Company, 14 Ill.App.2d 5, 142 N.E.2d 717) and the court may not alter this determination unless the size of the verdict clearly indicates it to be the result of prejudice or passion on the jury's part (Ford v. Friel, 330 Ill. App. 136, 70 N.E.2d 626) or indicates it to be the result of improper motive. Haskell v. Perkins, 16 Ill.App.2d 428, 148 N.E.2d 625.

■ In this case, the evidence shows that the plaintiff suffered a comminuted fracture of the left femur with attendant damage to the muscles, fascia, blood vessels and nerves in the vicinity thereof; that the bone was joined with a stainless steel plate four inches long held in place by wire and screws; that when last examined, shortly prior to trial, the left leg was an inch shorter than the right due to atrophy and disuse, and that there was a 25 degree loss of flexion at the

knee and weakness on squatting and climbing. A doctor testified that the loss of flexion and weakness were permanent, that the last X-rays disclosed bone absorption, and that when there is bone absorption around the plate or screws, the plate must be removed. The plaintiff lost three months of work, did only light work until shortly before the trial, and though now back at the regular job, has difficulties because of his restricted motion. He testified the leg is still sore, hampers his working and causes him to awaken at night.

This evidence, in our judgment, justifies the verdict in the amount of $20,000. We cannot say that it is unreasonable. Because we do not believe the verdict to be excessive, we cannot say that it results from passion or prejudice on the jury's part or was the result of the arguments of plaintiff's counsel of which defendant has complained. The verdict, in our judgment, was within the bounds of the competent evidence and the reasonable inferences to be made therefrom.

Finding no reversible error in this record, we affirm the judgment of the trial court.

Affirmed.

SCHEINEMAN, P. J. and CULBERTSON, J., concur.