**Illinois Power Company, a Corporation, Plaintiff-Appellant, v. Ray A. Abernethy, Defendant-Appellee.**

**Gen. No. 64–34.**

Third District.

June 7, 1965.

Stuart, Neagle & West, of Galesburg, for appellant.

Barash & Stoerzbach, of Galesburg, for appellee.

ALLOY, P. J.

This cause is before us on appeal from a judgment entered in the Circuit Court of Knox County following a verdict of a jury in favor of Defendant Ray A. Abernethy in an action instituted by Illinois Power Company to recover damages to its property (vehicle and equipment) occasioned by the alleged negligence of defendant in driving his automobile. On appeal in this Court plaintiff contends that, under the evidence presented in this cause, the Trial Court should have directed a verdict in favor of plaintiff on its motion or allowed motion for judgment notwithstanding the verdict after the verdict had been rendered.

In support of the position of the plaintiff, the contention is made that it is the duty of the Court to direct a verdict for plaintiff, since plaintiff has made out a case, and contends that no evidence has been produced by defendant which in any way constitutes a defense or contradicts plaintiff's evidence. It is also contended that the verdict of the jury was manifestly against the weight of the evidence, based on sympathy or prejudice, and should, therefore, have been set aside.

The fundamental problem which confronts us in this case arises from the facts as presented in the record in the cause. The defendant Ray A. Abernethy who was 75 years of age and who had driven an automobile for 45 years was taking his wife to Galesburg to a hospital for general observation but not on an emergency trip. He was driving a 1959 Oldsmobile in good mechanical condition and the windshield wipers were on and working perfectly. The highway upon which defendant was driving was an 18–foot highway with a marked center line although on the particular

215

day the center line was not visible because of heavy snow and slush. It had been raining, snowing, and sleeting and the slush was 3 or 4 inches deep on the pavement and on the shoulders of the road. Defendant's automobile was on its own side of the road and proceeding normally. The evidence indicated that there was nothing abnormal in the movement of defendant's car as it approached the vehicle of plaintiff until it suddenly moved across the highway. The only evidence of defendant's speed was his own testimony that he was traveling about 40 miles per hour. The last thing he remembered before the accident was that he was driving along in a normal manner with his wife seated next to him.

From the record it is apparent that the reason for the sudden movement across the highway into the path of the vehicle belonging to plaintiff, was that there was a 3 to 3½ inch drop from the edge of the pavement onto the shoulder and that apparently a wheel or wheels of defendant's car had gone off the edge of the pavement, and that defendant's vehicle skidded returning onto the highway and had moved into the left lane where it collided with the plaintiff's vehicle. Defendant's wife was killed in the accident, and defendant suffered severe head injuries so that he had no memory of what had occurred. He was familiar with the road and had driven it many times over a period of many years. It is apparent from the record that plaintiff was not negligent in any manner.

■■ Plaintiff argues that since there was no dispute as to the facts, defendant should have been declared to be guilty as a matter of law. Defendant, however, points out that in the case of Wallis v. Villanti, 2 Ill App2d 446, 120 NE2d 76, the vehicle in that case, traveling on an icy pavement hit a dip or a bump and skidded into the path of that plaintiff's automobile. The plaintiff obtained a verdict in that

case and defendant contended that there was no negligence and that the Court should have directed a verdict for the defendant. In that case the Court pointed out (at Page 451) that the question of determining whether or not a collision under such a set of facts was a result of an "accident" or whether there was any negligence on the part of the defendant is basically a question of fact to be decided by a jury. The Court did not agree that it became a question of law simply because there was no dispute as to what happened. If all reasonable minds would agree that defendant was or was not negligent in fact, then it could become a question of law, but if the problem becomes one of determining whether or not the conduct of a driver under a certain set of facts constituted negligence, the jury had the right to determine whether what the driver did or omitted to do constitutes negligence. This determination is a question of fact for the jury.

■ This problem frequently occurs in determining whether a driver of a car on a wet pavement is guilty of negligence in driving at a certain rate of speed or in exercising a certain degree of care such as in the case of Reed v. Landau, 321 Ill App 19, 52 NE2d 306, where a verdict, which had been directed by the Trial Court, was reversed. It was observed in such case that the question before a Trial Judge on a motion for a directed verdict, and before the Court on review, is simply whether a jury of reasonable men or women could properly find him negligent on the evidence introduced by plaintiff. The circumstance that we, as finders of fact, confronted with the factual situation such as existed in the present case, might have found the defendant guilty, does not mean that we, sitting ·as a Court of Review, would be justified in concluding that there was no question of fact for the jury to determine in the instant case. Two basic factual ques-

217

tions were potentially presented under the facts in the instant case for determination of the jury, i. e. (1) was defendant guilty of negligence in traveling along the road at the speed and in the manner in which he was driving in view of the slushy condition of the roadway and (2) was the circumstance that a wheel or wheels of his vehicle went off the pavement and that he caused his vehicle to come back upon the pavement in the manner in which he did, constitute negligence on his part. It is obvious that a jury could have concluded that such conduct constituted negligence. That, however, is not the problem before us. To justify a conclusion, as a matter of law, that his conduct constituted negligence requires that we conclude that all reasonable men must concur in pronouncing such conduct as negligent conduct. We believe it would be a distortion of the function of a reviewing court in cases such as we have before us, to say, as a matter of law, that driving on the pavement at 40 miles per hour, where the pavement is covered with slush so as to make the road, or its center line, or its pavement edge invisible, would constitute negligence, or that permitting a wheel or wheels of a vehicle to go off the edge of the pavement or permitting or causing the vehicle to come back onto the road after a wheel or wheels had gone off the edge of the pavement constitutes negligence, arbitrarily, as a matter of law.

The questions inherent in the determination of such conduct with respect to whether or not it constitutes negligence is and remains a question of fact for the jury. The Trial Court properly concluded that the jury had the right to determine this question of fact and that determination by the triers of fact should not be set aside by courts of review in such event. We also must conclude that the verdict of the jury was not manifestly against the weight of the evidence,

since the finding of whether or not defendant was negligent, even though based on undisputed facts, was properly vested in the jury as shown by the record in this cause.

Although no objection or motion raising this question was made in the Trial Court, a contention is made that the verdict of the jury could only have resulted from sympathy or prejudice. We find no basis in the record to justify setting the verdict aside on such basis, even if the matter was properly raised on appeal. We must, therefore, conclude that the judgment of the Circuit Court of Knox County should be affirmed.

Affirmed.

STOUDER and CORYN, JJ., concur.