Anita J. Heuer and William Heuer, Plaintiffs-Appellants, v. Manuel E. Goldberg, d/b/a M. Goldberg Cartage, and Stanley J. Ziober, Defendants-Appellees.

Gen. No. 51,626.

First District, Third Division.

February 13, 1969.

Brunon J. Komosa and Joseph J. Jares, Jr., of Chicago, for appellants.

Hinshaw, Culbertson, Moelmann & Hoban, of Chicago (John L. Kirkland and Donald J. O'Meara, of counsel), for appellees.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

Plaintiffs appeal from a judgment rendered against them in a personal injury and property damage case.

Plaintiffs contend that the verdict was against the weight of the evidence and it was the duty of the trial court to grant a motion for a new trial; that because of improper conduct of counsel, a new trial should have been granted; and that the verdict of the jury was contrary to the manifest weight of the evidence.

Anita J. Heuer was driving her husband's automobile west on Madison Street. Madison Street is 58 feet, 3 inches wide east of Pulaski Road and 80 feet, 10 inches wide west of Pulaski Road. Pulaski Road is 52 feet wide. Madison Street has three east and three westbound lanes for traffic east of Pulaski Road. There is a center line separating the east and west lines of traffic. The accident occurred shortly after 8:00 a. m. on November 1, 1957. Mrs. Heuer was proceeding in the inner lane closest to the center line for several blocks and first observed the defendant's vehicle when it was about one-half a block ahead of her. She was then approximately one-half of a block east of Pulaski Road. The defendant's vehicle was a tractor-trailer combination which was 40 feet long. It carried a load of steel including two I beams, which extended approximately 10 feet beyond the rear of the trailer. The overall length of the tractor-trailer and protruding steel beams was approximately 50 feet. Three red flags were attached to the protruding steel beams. The flags were either 12 inches by 12 inches or 24 inches by 24 inches. The tractor was equipped with two side-view mirrors and turn signals. When Mrs. Heuer was approximately one-half block east of Pulaski Road she saw the truck which was near the corner of Pulaski Road. She testified the traffic light for westbound traffic was red when she first saw it and shortly after that, it turned green. The tractor-trailer was in the middle westbound lane of Madison Street. That would be the lane immediately to her right. She was traveling at a speed of

approximately fifteen to twenty miles per hour and there was no vehicle immediately ahead of her in her lane. She saw no signals operating on the truck and she did not recall seeing red flags or markers attached to the steel. According to her testimony the impact occurred when she was east of Pulaski and the automobile which she was driving was somewhere near the back end of the load which was protruding, with most of the truck to her right and ahead of her. She suddenly heard a loud "bang" and felt a rush of air and had a sensation of being thrown through the air. That was all she could remember of the impact. She did not see any hand signal being given by the operator of the truck prior to the impact. She testified that just before the rush of air, the front of the truck was about halfway across Pulaski Road and that at no time did she have any indication or notice of the truck's turning before the impact.

The defendant Stanley J. Ziober testified that he was the driver of the tractor-trailer unit and that he had inspected his tractor-trailer on the morning of the accident and that everything was satisfactory. He was traveling westbound on Madison Street in the middle lane next to parked cars at the curb. As he approached the intersection of Pulaski Road the lights were red. There was a traffic lane to his left and to his right. There were cars parked in the right lane commencing about 15 feet east of the curbline of Pulaski Road. He stopped for the red light and put on his red signal flasher. He remained stopped for approximately one minute until the light turned green. He started to make a right turn and a policeman guided him around the corner. His maximum speed while making the turn was about five miles an hour. He intended to proceed north on Pulaski. While making the turn, the collision occurred. The rear of the steel beams which he was carrying were involved in the collision. At the moment of impact the tractor was facing north on Pulaski and the trailer was facing northwest

at a forty-five degree angle. He had sideview mirrors on both sides of the cab through which he could see traffic behind and to the side of his vehicle. However, he testified that he never saw plaintiffs' vehicle before the collision. He did see the steel beams protruding before he made the turn by looking into his left sideview mirror. After the collision he checked the position of the I beams and observed that the top beam had moved two to two and a half feet to the right. He had moved approximately fifteen feet before the collision. His right turn signal was on while he was stopped waiting for the light to change. After the impact he saw plaintiffs' vehicle in the lane next to the center line on Madison Street. The steel beams on the trailer were protruding into that lane.

A police officer of the City of Chicago was called as a witness for the plaintiffs. He testified that he had been stationed at the intersection of Pulaski and Madison Street for the past ten years and that he was at the intersection on the morning of November 1, 1957. He recalled being present at the time of the accident involving a tractor-trailer truck and a passenger automobile although he said he did not see the actual occurrence.

He stated that he did not see the passenger automobile involved in the accident until after the impact and that it was straddling the second and third lanes close to the center of the street and facing west. He further testified that he had on numerous occasions directed tractor-trailer units making a north turn from Madison Street onto Pulaski Road but that he did not recall having directed the tractor-trailer involved in this accident as it turned.

The question presented to us is whether or not the trial judge employed the proper standard or rule of law in deciding the motion for new trial. At the conclusion of that hearing the court said:

". . . and I suppose that it's (verdict) not against the manifest weight of the evidence. On that basis

I am going to deny the motion for a new trial, although I will state again I disagree with the verdict and I don't approve of it, and I would have decided differently, but I suppose my duty is to follow the case law and ignore what I would have done."

In Read v. Cummings, 324 Ill App 607, 609–610, 59 NE2d 325, the court said:

"It is then the duty of the trial judge to consider the weight of the evidence and if he is of opinion that plaintiff has not proven his case by a preponderance of the evidence, taking into consideration the fact that the jury has found otherwise, it is his duty to set aside the verdict and grant a new trial. And if the court does not do so but overrules the motion and enters judgment and the case is then brought to this court, we are not authorized to disturb the verdict on this ground unless the verdict and judgment are against the manifest weight of the evidence. This court in passing on the question must take into consideration not only the verdict of the jury but the fact that the trial judge saw and heard the witnesses, overruled the motion for a new trial and entered judgment. It requires much more for this court to set aside a verdict and judgment than is required of the trial judge. It is his duty to set aside the verdict if he is of the opinion that the plaintiff has not sustained his case by a preponderance of the evidence, while the question of the preponderance of the evidence does not arise at all in this court. (Citing cases.) We are not authorized to disturb the verdict and judgment unless we are of opinion that it is against the manifest weight of the evidence."

In Morella v. Melrose Park Cab Co., 65 Ill App 2d 175, 212 NE2d 106, the court held that it requires much more for the reviewing court to set aside a verdict

and judgment than is required of the trial judge. It is the duty of the trial judge to set aside the verdict if he is of the opinion that the plaintiff has not sustained his case by a preponderance of the evidence. The question of the preponderance of the evidence does not arise in a case such as this in the reviewing court. The trial judge therefore in passing upon the motion for a new trial is afforded greater latitude than is the reviewing court. In Payne v. Kingsley, 59 Ill App2d 245, 207 NE2d 177, the court held that the trial court in considering a motion for a new trial may weigh the evidence for the purpose of determining whether the verdict is contrary to the weight of the evidence and if the court so finds, a new trial should be granted. See also Tihay v. Aurora City Lines, 79 Ill App2d 107, 223 NE2d 171.

■■ The standard or rule of law to be applied in the trial court is whether the verdict is against the weight of the evidence or, as has been said many times, against the preponderance of the evidence. Once the trial judge has passed upon a motion for a new trial and has properly employed that standard, a reviewing court may then reverse only when the verdict is found to be contrary to the manifest weight of the evidence. The trial court in passing on the motion for a new trial in this case, having failed to consider the weight of the evidence or the question of the preponderance of the evidence, the cause must be remanded.

We have thoroughly examined the other alleged trial errors set forth in plaintiffs' brief and find no reversible error among them.

■ The plaintiffs also contend that the verdict of the jury was contrary to the manifest weight of the evidence. A reviewing court will not pass upon that point in a case unless and until the trial court determines whether or not the verdict is against the preponderance of the evidence. The trial court, in passing on the motion for new trial having failed to consider the weight of the evidence or

preponderance of the evidence, the judgment cannot stand and since this court may not pass upon that question in this case, the judgment entered herein is reversed and the cause remanded to that court with directions to pass on this question.

Reversed and remanded with directions.

SCHWARTZ and DEMPSEY, JJ., concur.