Lloyd **MOREHEAD**, Plaintiff-Appellant,

v.

Patricia **POLAND**, Defendant-Appellee.

No. 71-1001.

United States Court of Appeals, Seventh Circuit.

Feb. 24, 1972.

Rehearing Denied March 16, 1972.

Joseph T. McGuire, Perz & McGuire, Chicago, Ill., for Lloyd Morehead, plaintiff-appellant.

William J. Voelker, Jr., Heyl, Royster, Voelker & Allen, Peoria, Ill., for Patricia Poland, defendant-appellee; Raymond C. Rose, Theodore R. Johnson, Peoria, Ill., of counsel.

Before SWYGERT, Chief Judge, KNOCH, Senior Circuit Judge, and GORDON, District Judge.*

MYRON L. GORDON, District Judge.

This personal injury action arose out of an automobile-truck collision near the intersection of Jubilee Road and U.S. Route 150 in Peoria county, Illinois. The case was tried to a jury, and a verdict was returned in favor of the defendant. The plaintiff's post-trial motions for judgment notwithstanding the verdict, and in the alternative, for a new trial were denied by the trial court. This appeal followed. For the reasons set out below, we reverse and remand the action for a new trial on the sole question of damages.

A motion for judgment notwithstanding the verdict presents the question of whether there is any evidence in the record, when given all the intendments most favorable to the opposing party, which so overwhelmingly favors the movant that no contrary verdict based on the evidence can stand. Calvetti v. Seipp, 37 Ill.2d 596, 227 N.E.2d 758 (1967); Pedrick v. Peoria & E. R. R. Co., 37 Ill.2d 494, 229 N.E.2d 504 (1967). A motion for a new trial presents the question of whether the verdict is supported by the manifest weight of the evidence. Heuer v. Goldberg, 106 Ill.App.2d 55, 245 N.E.2d 497 (1969).

The facts adduced at trial were that the defendant was travelling east on U. S. Route 150 during the midmorning of January 2, 1968. As she neared the intersection of Jubilee Road and U.S. Route 150, she observed ahead of her several vehicles stopped behind a pick-up truck which was turning south into a farm service road. The defendant applied her brakes to slow her automobile, but discovered that she could not stop in time to avoid a collision with the vehicle in front of her. Although the cars ahead of Mrs. Poland were able to stop to accommodate the pick-up truck's right turn, Mrs. Poland was unable to stop. She explained (Appendix p. 168):

"A. I turned the car off the road onto the shoulder because I did not think I would be able to stop in time to prevent hitting the cars in front of me."

Upon leaving the paved highway, Mrs. Poland drove her automobile onto the shoulder and into the ditch, striking a concealed concrete culvert. The defendant's automobile then rebounded, out of control, onto the highway and into the west-bound lane of traffic and collided with the plaintiff's truck. She testified that she did not see the truck until a second or two before the collision.

The law of Illinois imposes upon the driver of a vehicle determined to be in the wrong traffic lane at the time of collision the burden of demonstrating that his presence there was non-negligent and legally justifiable. In Murphy v. Kumler, 344 Ill.App. 287, 100 N.E.2d 660 (1951), the court stated:

"In a collision such as this, where one of the cars is on the wrong side of the highway and out of control, certainly it is the duty of the defendant to show that he was in that situation because of some particular reason other than his own negligence."

In the case at bar, the defendant failed to give a legally sufficient explan-

* The Honorable Myron L. Gordon, United States District Judge for the Eastern District of Wisconsin, is sitting by designation.

ation for her presence on the wrong side of the road. The fact that the defendant hit a concealed concrete culvert in the ditch, thereby causing her car to rebound out of control onto the highway, cannot be a defense to liability because the uninterrupted chain of events began with her inability to stop the car in time to avoid striking the vehicle ahead.

Her counsel argues that Mrs. Poland acted reasonably in driving off the highway when she found she was unable to stop in time to avoid striking the car ahead of her. This is a fallacious argument which seeks to obscure the irresistible fact that it was Mrs. Poland's negligent driving (and nothing else) which necessitated her steering her car off the pavement. It was a normal risk of her leaving the highway that she struck the culvert. There was no intervening force which exculpated her from the responsibility of her own negligence when she then swerved onto the wrong side of the road. The flow of events which swiftly culminated in her colliding with the plaintiff's truck began with the negligent operation of her automobile; unless the plaintiff was contributorily negligent, the defendant is liable as a matter of law for the damages which were proximately caused by that negligence.

■ There is no evidence in the record which would support a finding that the plaintiff was contributorily negligent. The facts established at trial that the plaintiff was traveling west in his proper lane at the time of the accident. His speed was estimated to be 40 or 45 miles per hour. At the time that the defendant's automobile suddenly entered his lane of traffic, the plaintiff was about one truck length from the defendant's automobile. It is clear that there was not sufficient time for the plaintiff to have stopped or to have taken evasive action, and no finding to the contrary is permissible upon the facts in this case. Tomlinson v. Chapman, 24 Ill.App.2d 192, 164 N.E.2d 240 (1960).

■ The jury's verdict in this case was as follows: "We, the jury, find the issues for the defendant, Patricia Poland." While we are reluctant to disturb a jury's conclusion, especially when it has the approval of the trial judge, we nevertheless are convinced that the record in this case fully establishes that, as a matter of law, there was negligence on the part of Mrs. Poland and no negligence on the part of the plaintiff. The plaintiff is entitled to his damages, and since they were not determined below, there must be a new trial limited to that matter.

The plaintiff also points to a number of alleged trial errors. We need not reach these issues, however, because we rest our decision on the finding that the verdict is contrary to the evidence as a matter of law.

Accordingly, we reverse the judgment of the district court and remand the case for the entry of judgment for the plaintiff in such amount as may be determined in a new trial on the issue of damages only.

KNOCH, Senior Circuit Judge (dissenting).

The defendant's theory was that although she was 100 feet behind the car in front of her, and traveling at a speed of less than 50 miles per hour, she found herself unable adequately to brake her own vehicle solely because the pavement beneath her was slippery in spots, although not generally icy, and that her difficulties with the culvert arose from the fact of its concealment from view. There was a conflict in the testimony of the witnesses as to the condition of the road.

Whatever I might myself have decided had I been trying the case without a jury, it seems to me, as it clearly did to Judge Morgan, that a jury question was presented here. I would, therefore, affirm.