Mildred Calvetti, Plaintiff-Appellant, v. Mary Seipp, Defendant-Appellee.

Gen. No. 65–60.

Fifth District.

April 27, 1966.

Oehmke, Dunham, Boman & Leskera, of East St. Louis, for appellant.

■■■■■■■■

O'Connell & Waller, of East St. Louis (John F. O'Connell, of counsel), for appellee.

MORAN, J.

This is an appeal from the Circuit Court of St. Clair County, Illinois from a jury verdict and judgment for the defendant in an action brought to recover damages for the alleged negligence of the defendant in driving her automobile.

The plaintiff-appellant's theory is that the evidence in this case established as a matter of law that the plaintiff is entitled to recover. Consequently, the trial judge should have directed a verdict in favor of the plaintiff or awarded the plaintiff judgment notwithstanding the verdict, or alternatively the manifest weight of the evidence is such that the plaintiff should have a new trial.

The accident happened on February 28, 1963, when the appellant was seated in the left rear of an automobile being driven in a northerly direction by her son-in-law on Route 159 near Collinsville. It had rained and sleeted earlier in the evening. The highway was covered with snow and was slick at the time of the accident. The appellant's vehicle was traveling about 25 miles per hour in a northerly direction in its right-hand lane. The appellee was traveling in a southerly direction and estimated her speed at 25 to 30 miles per hour. As the two vehicles approached each other the appellee's vehicle went into a skid and after the appellee attempted to break the skid by turning her wheel to the right, it skidded across the center line and struck the appellant's vehicle, allegedly causing certain injuries to the appellant. The appellee's vehicle continued and struck another car in the northbound lane.

The appellant alleged that her left side and shoulder were injured and that a previous asthmatic condition was aggravated, so that as a result, she had incurred certain medical expenses, missed time from work and suffered

60

pain. There was conflicting evidence concerning the extent and nature of the damages.

The appellant made a motion for a directed verdict at the close of all the evidence, which was denied. After a verdict was returned for the appellee, the appellant made a motion for a judgment notwithstanding the verdict and for a new trial on the issue of damages alone, or in the alternative, for a setting aside of the verdict and for a new trial on all the issues. This motion was also denied.

■■ A motion for directed verdict or for judgment notwithstanding the verdict presents the single question whether there is any evidence in the record which, standing alone and taken with all its intendments most favorable to the party resisting the motion, tends to prove the material elements of his case. Lindroth v. Walgreen Co., 407 Ill 121, 94 NE2d 847. Appellee does not contend that appellant was contributorily negligent so we must determine whether appellee was negligent as a matter of law.

The defendant testified that she was driving her car in a southerly direction on Route 159 at a speed of 25 to 30 miles per hour. There was ice under snow making the road very slick. Driving conditions were bad and the road was hazardous. She saw two cars coming toward her and she had full control of her automobile. As the two cars approached, her car went into a skid. When this happened she turned her car to the right and the back end of her car came into contact with the car in which appellant was riding, then proceeded on and struck a following car.

Defendant's husband testified that his wife was driving at a rather slow pace because of the ice and falling snow when all of a sudden the car skidded and she turned to the right. The back end of her car then veered over into the opposite traffic lane and struck the Calvetti car, continued on and struck another car behind the Calvetti car with its front end.

In Murphy v. Kumler, 344 Ill App 287, 100 NE2d 660, the deceased's vehicle approached a curve and skidded into the plaintiff's vehicle as it approached in its proper lane from the opposite direction. The defendant-executor presented no evidence about the cause of the skid. There was evidence, however, that the highway was icy and slick. The jury returned a verdict for the defendant. On appeal, the court found that the defendant was negligent as a matter of law and that the verdict was against the manifest weight of the evidence. It reversed and remanded for a new trial, saying at page 294:

> . . . The collision occurred on the plaintiff's side of the road. This is the evidence produced by the plaintiff and it is exactly where the defendant permitted the proof to remain. It was incumbent upon the defendant to show that the skid and the resultant position of decedent's car on the wrong side of the highway at the time of the collision was accomplished without negligence on decedent's part. His failure to do this leads us to conclude that reasonable minds would agree that the defendant was negligent.

In Tomlinson v. Chapman, 24 Ill App2d 192, 164 NE2d 240, the defendant's car skidded across the highway and struck plaintiff's car which was coming from the opposite direction in its proper lane. The appellate court said at page 197:

> . . . The failure of the defendant here to give any explanation for his skidding into the plaintiff, and there is no such explanation anywhere in the record, was sufficient, in this case, to justify the court's directed verdict.

In the recent case of Sughero v. Jewel Tea Co., 66 Ill App2d 353, 214 NE2d 512, defendant's tractor trailer spun into the path of plaintiff's car when he applied his brakes.

In affirming the trial court's action, the appellate court at 518 of its opinion quoted the following language from Ceeder v. Kowach, 17 Ill App2d 202, 149 NE2d 766:

". . . The fact that his car skidded into plaintiff's car even though the pavement was wet, leaves room for no other inference, . . . except that under the circumstances defendant 'was driving too closely.' "

Both Tomlinson and Sughero quoted and approved the following language from Murphy v. Kumler, 344 Ill App 287, 100 NE2d 660:

. . . Certainly it is not incumbent upon the plaintiff to show conclusively why the defendant was on the wrong side of the road or the exact cause of the skid. Only on rare instances would that knowledge be possessed by the plaintiff. . . . In a collision such as this, where one of the cars is on the wrong side of the highway and out of control, certainly it is the duty of the defendant to show that he was in that situation because of some particular reason other than his own negligence.

Applying the theory of these cases to the present case where there was no evidence concerning the cause of the accident except that the highway was icy and slick, "reasonable minds would agree that the defendant was negligent." In the transcript, there was a noticeable absence of testimony concerning the cause of the accident. The appellee testified that "I had full control. . . . I was in my lane until it went into the skid." Similarly, her husband, also present in the automobile, testified that "all at once the car just slipped." There is no additional evidence concerning the cause of the skid except for the testimony that the roads were slick. The same absence permeates the appellee's testimony that she was not sure how many times her auto struck the appellant's vehicle or how many vehicles her auto struck.

63

Where a collision occurs in one of two traffic lanes, the presumption is that the driver of the vehicle determined to be in the wrong lane was negligent and the burden is on him to show the collision was not caused by his negligence or that there were justifiable circumstances which would excuse his conduct. In Blockinger v. Schweitzer, 419 Pa 342, 214 A2d 244, the Supreme Court of Pennsylvania said:

> . . . There was a time when the word "skidding" was a magic word and its mere pronouncement exonerated the driver of the skidding car from responsibility for the accident of which he was the author. That strange doctrine is now happily sepulchered for good. The motorist who says that skidding caused his car to be operated in a wrong direction on that part of the highway where he has no right to be at all must show that he was as innocent of fault as a child riding a tricycle on the sidewalk outside the Sunday School from which he has just emerged."

We agree.

The evidence in the case at bar discloses that the verdict in favor of the defendant was not only against the manifest weight of the evidence but the defendant was negligent as a matter of law. The trial court should have directed a verdict for the plaintiff.

The appellee further argues that the appellant proved no actual damages and that "there is nothing in this record other than subjective complaints which would justify a verdict for the plaintiff." This statement is not supported by the record. The appellee's husband testified that, when he talked to the appellant at the time of the accident, she told him she had hurt her ribs. Dr. Rothenberg testified that "I believe there's a cause and effect relationship between the complaints of pain involving the left shoulder area, left chest area, and portions of her back as related to the accident." Later, he

64

also testified that "I believe that circumstances surrounding the accident resulted not only in the injury but also caused her to be exposed to inclement weather causing her to develop an upper respiratory infection which precipitated an attack of asthma and required intensive care to give her relief." Though there may be some question about the extent of the injuries, it cannot seriously be contended that there were no actual damages.

The judgment is reversed and this case is remanded to the trial court for trial on the sole issue of damages.

Reversed and remanded with directions.

EBERSPACHER and GOLDENHERSH, JJ., concur.