(No. 39852.—

ROBERT SUGHERO, Appellee, *vs.* JEWEL TEA Co., INC., *et al.,* Appellants.

*Opinion filed March 29, 1967.—Rehearing denied May 16, 1967.*

KLUCZYNSKI, J., took no part.

HUBBARD, HUBBARD, O'BRIEN & HALL, of Chicago, (ALVIN G. HUBBARD and FREDERICK W. TEMPLE, of counsel,) for appellants.

WARREN J. HICKEY, of Chicago, (WILLIAM J. HARTE, of counsel,) for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Plaintiff Robert Sughero obtained a $60,000 judgment in the superior court of Cook County for damages he sustained in a collision with a tractor unit owned by defendant Jewel Tea Co., Inc., and driven by its employee, Frank Perrino, also a defendant. The trial court directed a verdict on the issue of liability and submitted only the issue of damages to the jury. The Appellate Court, First Judicial District, affirmed the judgment (66 Ill. App. 2d 353) and we granted leave to appeal. The sole question is whether the trial court properly directed a verdict in favor of the plaintiff on the question of liability.

Perrino was driving east on Belmont Avenue in Chicago and had been following three automobiles for some distance. When the first of these three vehicles reached Oleander Avenue, it stopped suddenly to make a left turn. The next two vehicles stopped rather suddenly and Perrino applied his brakes. The tractor spun and went into the westbound lane. Plaintiff, traveling west on Belmont, collided with the right side of the tractor.

Defendants assert that the tractor was in good mechanical condition, that Perrino was driving carefully in his line of traffic, that he applied his brakes because the cars in front

of him stopped abruptly and that the tractor without negligence on his part skidded on the wet asphalt into the westbound lane. They argue the trial court held as a matter of law that skidding constitutes negligence and that the appellate court erred in affirming this ruling.

A reading of the appellate court opinion shows that it did not hold skidding in and of itself constituted negligence. The rationale applied by the court was that after plaintiff had shown defendants' vehicle was on the wrong side of the highway and out of control, Perrino had the duty of showing it was there for some reason other than his own negligence. (*Murphy* v. *Kumler,* 344 Ill. App. 287.) Perrino's only explanation of the skid was that he made a quick stop on the wet asphalt because of the abrupt stop of the cars in front of him. As the appellate court noted, however, the fact that the two automobiles in front of him and the truck behind him were under sufficient control to stop safely within their lane of traffic indicates that he did not have his vehicle under proper control. We think the appellate court's conclusion was correct on this issue.

It is also asserted that there is sufficient evidence to present a jury question on the issue of plaintiff's contributory negligence. The evidence shows that plaintiff was in his proper lane traveling 20 to 25 miles per hour. We think the evidence also shows that plaintiff saw the tractor skid into his lane. Defendants argue from one statement made by plaintiff in a pretrial deposition that plaintiff did not see the tractor before the collision. From a reading of the statement in context with other questions and answers in the deposition and at the trial, it is obvious that plaintiff saw the tractor skid into his lane and that he applied his brakes but he could not stop in time to avoid the collision.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE KLUCZYNSKI took no part in the consideration or decision of this case.