(No. 40042.—

MILDRED CALVETTI, Appellee, *vs.* MARY SEIPP, Appellant.

*Opinion filed June 22, 1967.—Rehearing denied Sept. 27, 1967.*

ROBERTS AND KEPNER, of Springfield, for appellant.

OEHMKE, DUNHAM, BOMAN & LESKERA, of East St. Louis, (JOHN W. LESKERA, of counsel,) for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Mildred Calvetti brought action in the circuit court of St. Clair County against Mary Seipp to recover damages for personal injuries sustained in an automobile collision. Trial was before a jury. At the close of all the evidence plaintiff moved for a directed verdict. The motion was denied and the jury returned a verdict for defendant. Plaintiff thereupon made a motion for judgment notwithstanding the verdict and for a new trial on the issue of

damages alone. This motion was also denied, the trial court entering judgment on the verdict for defendant. On plaintiff's appeal the Appellate Court for the Fifth District concluded that the defendant was negligent as a matter of law. The judgment of the circuit court was reversed and the cause was remanded for trial on the sole issue of damages. (70 Ill. App. 2d 58.) We granted defendant's petition for leave to appeal.

The collision occurred about 9:30 P.M. on February 28, 1963. Plaintiff was a passenger in a car being driven by her son-in-law in a northerly direction on Route 159 near Collinsville. The defendant was driving her car in a southerly direction, accompanied by her husband and five children. It was snowing heavily, visibility was poor, the dividing line was not clear, and the road surface was slick. It had rained and sleeted earlier in the evening.

The essential facts are not in dispute. Defendant's car was proceeding down a slight slope at about 25 miles per hour. As it approached the plaintiff's vehicle coming from the opposite direction, it went into a skid. Defendant turned her wheel to the right, whereupon the rear end of her vehicle slipped to the left into the other lane and was struck by the car in which the plaintiff was riding. The latter auto was traveling at about the same speed as defendant's car but was entirely in its own lane when the accident happened. There is no question of contributory negligence.

Defendant insists that negligence is a question of fact to be decided by the jury, that it becomes a matter of law only when it can be said all reasonable minds would conclude the facts establish negligence on defendant's part, and that in determining this question the testimony most favorable to the defendant must be taken as true, together with all reasonable inferences to be drawn therefrom. This court in *Pedrick* v. *Peoria and Eastern Railroad Co.,* ante p. 494, decided this term, exhaustively reviewed the authorities applicable to cases such as the present one, and it

is unnecessary to re-cite them here. The rule as we concluded in the *Pedrick* case is that a verdict ought to be directed or judgment *n.o.v.* entered wherever the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on the evidence could ever stand. 37 Ill.2d 494, at 510.

The question with which we are confronted here is whether the contrary verdict, returned in the case at bar, can stand in the face of the evidence in this record, viewed in its aspect most favorable to the defendant. The evidence when so viewed shows that driving conditions were hazardous, that when her car struck ice under the snow it started to skid, and that as she turned toward the right the back end slid to the left into the opposite lane of travel, coming into contact with the automobile in which plaintiff was riding. According to defendant's testimony her speed was between twenty-five and thirty miles per hour, and she was traveling down a slight grade. She offered no explanation of the cause of the skid, other than the presence of ice on the pavement.

It is undisputed that the collision occurred on the plaintiff's side of the road, and no affirmative showing was made by defendant that the skid into the opposite lane in front of the plaintiff's car happened without negligence on her part. She made no effort to show that she was not driving too fast for road and weather conditions, or that some unavoidable event caused her to lose control. The fact that her car skidded in front of the one in which plaintiff was riding must be deemed to have arisen from some negligent act or omission, in the absence of explanation to the contrary. *Sughero* v. *Jewel Tea Co.,* 66 Ill. App. 2d 353; *Tomlinson* v. *Chapman,* 24 Ill. App. 2d 192; *Murphy* v. *Kumler,* 344 Ill. App. 287.

We think defendant ought to have shown that the danger could not have been anticipated, that her speed was reasonable in view of the weather and road conditions and that her turn to the right did not, as it would normally do,

cause the rear end to slide in the opposite direction. We do not think it was incumbent upon the plaintiff to show what caused defendant's car to skid to the wrong side of the road, or to prove other facts normally within the peculiar knowledge of the defendant. The car's presence there under the circumstances shown leaves room for no inference other than that defendant was going too fast, or braked or steered her car improperly, or caused the skidding through some other form of negligence.

Defendant further claims that the effect of the Appellate Court decision is to abrogate her right to trial by jury. There is no merit in the argument. See *Pedrick* v. *Peoria and Eastern Railroad Co., ante* p. 494.

A careful search of this record reveals no reasonable basis whatever for a verdict finding defendant free of negligence and since there is no question of due care on the part of the plaintiff the verdict cannot be allowed to stand. The Appellate Court properly reversed the judgment entered thereon, remanding the cause for trial on the question of damages, and its judgment will be affirmed.

*Judgment affirmed.*