**Ellis Whitlock and Margaret S. Whitlock, Plaintiffs-Appellees, v. Steve Evans, Defendant-Appellant.**

Gen. No. 10,905.

Fourth District.

September 26, 1968.

Sebat, Swanson and Banks, of Danville (Robert J. Banks, Jr., of counsel), for appellant.

John A. Lambright, of Danville, for appellees.

SMITH, P. J.

We granted defendant's petition for leave to appeal from an order of the trial court setting aside a jury's verdict in favor of the defendant and granting a new trial. There is nothing asserted or shown in the record in rulings on evidence, instructions, conduct of counsel or otherwise that might be said to have induced an improper verdict or deprived the plaintiffs of a fair trial. Thus, the single issue here presented is whether the trial court properly exercised its discretion in granting a new trial.

There is no conflict in the evidence as to the occurrence events worth mentioning. Plaintiffs, husband and wife, were driving north on a through street protected by a stop sign with the husband driving. The accident occurred about 9:00 p. m.; a drizzling rain was falling and freezing on the pavement; plaintiffs' speed was about 15 to 20 mph; plaintiff-driver saw the defendant's car when it was about two car lengths from the intersection and as they were about to enter the intersection; there was no salt, sand, cinder or other abrasives on the street; plaintiff-driver did nothing except proceed onward at the same speed although he watched the defendant's car

from the time he first saw it enter the intersection until about the time of the impact and, as abstracted, said to his wife, "This fellow is not going to stop, I don't think." Plaintiffs' car was struck at the left-rear fender and bumper by the right-front fender and bumper of defendant's car, spun around and hit a parked car and a post.

Defendant was a sixteen-year-old boy, had taken a driver's training course and received his driver's license some six to eight weeks before the accident. He had never driven on ice before; he slid a bit three or four blocks from the accident; had no difficulty at intervening intersections; didn't see the stop sign until he was about 10 feet from it, thought it was obscured by window steaming or otherwise, but did not mention this in his report to the police officer. He was traveling east under 20 mph because of the icy and slick conditions of the street, saw the Whitlock car to his right as it was about to enter the intersection and applied his brakes gradually; the speed of his car decreased; he turned to the left; the car responded and slid and skidded into the left-rear of the plaintiffs' car with the right-front of his car striking the left-rear of the plaintiffs' car. He had made three stop signs preceding the occurrence without any problem or difficulty. The stop sign was five feet from the intersection and he did not see it until he was about ten feet from it. His testimony as to his observation of the stop sign or an obstruction is somewhat equivocal. He testified "I was about ten feet from the stop sign before I saw it. I think I looked at the stop sign once or twice later that evening. This is one thing I couldn't remember too well. It seems like there was something obstructing it. I didn't mention the obstruction in my deposition. I hadn't really remembered it. That is my only trouble. I think it is right that I did not tell the police officer or the Whitlocks that night that there was anything obstructing my vision of the stop sign."

34

In our judgment, the propriety of the order granting the new trial is controlled by Calvetti v. Seipp, 37 Ill2d 596, 227 NE2d 758, which affirmed the same case in 70 Ill App2d 58, 216 NE2d 497. Calvetti involved a defendant's car sliding on an icy road so that it skidded into the other lane of traffic. There was a verdict for the defendant. The trial court denied a post-trial motion both for judgment n. o. v. and for a new trial on the issue of damages only. The Appellate Court held that the defendant was negligent as a matter of law and remanded for a trial on damages only. The Supreme Court affirmed. In that case, as in this, no issue of contributory negligence is raised. The Supreme Court there held that the fact that the defendant's car skidded in front of the one in which the plaintiff was riding must be deemed to have arisen from some negligent act or omission, in the absence of explanation to the contrary, and stated that these circumstances leave room for no inference other than that the defendant was driving too fast or braked or steered her car improperly or caused the skidding through some other form of negligence. In the case at bar, the defendant testified that he did not see the stop sign until it was about ten feet from him. He didn't see it because of some vague and illusory notion that there was some obstruction. He thought he had looked at the stop sign a couple times after the accident. He didn't regard a possible obstruction as important enough to mention in his pretrial deposition nor to mention to the police officer nor to tell the Whitlocks. He testified to negotiating three previous stops with knowledge of the icy conditions and without any difficulty. As Whitlock observed the defendant approaching the intersection he did not think the defendant was going to stop.

These circumstances leave room for no inference other than that the defendant failed to see the stop sign in time to bring his car to a stop under the existing conditions, or was traveling too fast for conditions at this

point, or failed to brake properly or failed to steer properly. Having safely negotiated three previous stop signs on the icy roads without difficulty, it seems a bit unreasonable to attribute the proximate cause of this accident to conditions alone rather than to conduct of the defendant. Under Calvetti, therefore, it seems clear to us that a verdict in favor of the defendant could never stand when all of the evidence in the case is considered together with the only reasonable inferences to be drawn therefrom. It thus follows that the trial court should have granted a judgment n. o. v. and resubmitted this case to the jury for a trial of the damages only.

Accordingly, the judgment of the trial court granting a new trial is reversed and this cause is remanded to the trial court for trial on the issue of damages only.

Reversed and remanded with directions.

TRAPP and CRAVEN, JJ., concur.