SALLY A. KYROUAC, Plaintiff-Appellant, *v.* TIMOTHY BROCKMAN *et al.*, Defendants-Appellees.

Third District No. 82—884

Opinion filed December 14, 1983.—Rehearing denied January 19, 1984.

Paul E. Root, of Gomien, Root and Masching, and Robert H. Adcock, Ltd., both of Morris, for appellant.

George R. Black, of Black and Black, of Morris, for appellees.

JUSTICE BARRY delivered the opinion of the court:

This is an appeal by the plaintiff, Sally Kyrouac, from a jury verdict in the circuit court of Grundy County in favor of the defendants, Timothy Brockman and G-W Communications.

The incident out of which this personal injury action arose occurred on December 7, 1977, shortly after 7 a.m. The plaintiff was driving to work, heading east, on the Pine Bluff-Lorenzo two-lane road. When the plaintiff was approximately one mile east of the intersection of the Pine Bluff-Lorenzo Road and the Dresden Road, the vehicle she was driving was struck by a vehicle driven by the defendant in a westerly direction.

There is no dispute that the defendant's vehicle struck the plaintiff's vehicle in her eastbound lane and that no part of the plaintiff's vehicle was in the westbound lane. The question is whether the trial court erred in denying plaintiff's motion for a judgment *n.o.v.* after the court had directed a verdict in favor of the plaintiff on the issue of the plaintiff's negligence.

At trial, the plaintiff testified that on the morning of the accident she was on her way to work from her home at Goose Lake. She indicated that there was snow on both of the shoulders of the Pine Bluff-Lorenzo Road but that she did not remember encountering any ice or snow on the road itself. She testified that, at the time of the accident, she was driving about 35 miles per hour. Her vehicle was struck by the defendant's vehicle approximately one mile from the four-way stop at the Dresden Road.

The plaintiff indicated that hers was the lead car in the eastbound line of cars and that westbound there was a steady stream of traffic. It appeared to her that the westbound lane was traveling faster than she was. The plaintiff further indicated that it was daylight on a typical winter day and that nothing out of the ordinary had occurred

which would bring the road surface to her attention.

Prior to the collision, the plaintiff did not notice anyone having problems driving on the road, *e.g.*, fishtailing. She indicated that two or three seconds elapsed from the time the defendant's car left its lane and collided with hers. She slammed on the brakes and put her hand over her face. At the time of impact no portion of her car was in the defendant's lane; his entire car was in her lane.

It was stipulated at trial that on the day of the occurrence, December 7, 1977, the defendant, Timothy Brockman, was an 'employee of the defendant, G-W Communications, Inc., acting within the scope of his employment. The defendant, Timothy Brockman, testified that on the day of the accident he was on his way to Ottawa in connection with his employment and that he was driving a 1978 Chevette belonging to someone else. He was familiar with the car, however, having driven it before. The defendant testified that after he passed County Line Road, he saw a white van in front of him fishtail. When he saw the van fishtail, he took his foot off the accelerator but he did not apply his brakes at all before the collision.

According to the defendant, the accident occurred less than a mile west of County Line Road. The visibility was clear. Prior to reaching County Line Road, the defendant did not observe any vehicle fishtailing on the road. He indicated that prior to the accident he had encountered just small patches of ice, "nothing to really amount to anything."

On cross-examination, the defendant indicated that he took his foot off the accelerator approximately one second before he started to skid. He did not see a patch of ice there; rather, he assumed that there was a patch of ice because the van in front of him had fishtailed. The van did not go into the other lane, however.

Both sides agree that the well-known *Pedrick* standard is the measure to be applied to the question before us. In *Pedrick*, the Illinois Supreme Court articulated the standard as follows:

> "In our judgment verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14.

In essence, the plaintiff's argument is that, once it has been unequivocally established that the accident occurred when the plaintiff's vehicle was entirely in its own lane, the burden then shifts to the

defendant to provide some explanation for the accident other than his own negligence. In support of her position, the plaintiff points to *Sughero v. Jewel Tea Co.* (1967), 37 Ill. 2d 240, 242, 226 N.E.2d 28, 29, in which the court determined that once the plaintiff had shown that the defendant's vehicle was on the wrong side of the road and out of control, the defendant had "the duty of showing it was there for *some reason other than his own negligence.*" (Emphasis added.)

In *Sughero*, the trial court had directed a verdict in favor of the plaintiff. The court noted that the defendant's only explanation for his skidding was that he made an abrupt stop on wet asphalt because of the quick stop of the cars in front of him. According to the court, the fact that the vehicles in front of the defendant were able to stop safely within their own lane of traffic indicates that the defendant did not have his vehicle under proper control. *Sughero v. Jewel Tea Co.* (1967), 37 Ill. 2d 240, 242, 226 N.E.2d 28, 29.

Also in support of her position, the plaintiff points to *Calvetti v. Seipp* (1967), 37 Ill. 2d 596, 227 N.E.2d 758, a case which factually is strikingly similar to the instant case. In *Calvetti*, the defendant's car was proceeding down a slight slope at about 25 miles per hour. As it approached the plaintiff's vehicle coming from the opposite direction, it went into a skid, ending in the plaintiff's lane of traffic. Plaintiff's vehicle was entirely in its own lane when the accident occurred.

In *Calvetti*, the trial court denied the plaintiff's motion for a directed verdict and the jury returned a verdict in favor of the defendant. The court then denied the plaintiff's motion for judgment notwithstanding the verdict. In ruling that the trial court had erred in denying plaintiff's motion, the court noted that the defendant had "offered no explanation of the cause of the skid, other than the presence of ice on the pavement." (*Calvetti v. Seipp* (1967), 37 Ill. 2d 596, 598, 227 N.E.2d 758, 760.) In reaching its decision, the court observed that the defendant had made no effort to show that she was not driving too fast for road and weather conditions, or that some unavoidable event caused her to lose control. The court concluded:

> "The fact that her car skidded in front of the one in which plaintiff was riding must be deemed to have arisen from some negligent act or omission, in the absence of explanation to the contrary." *Calvetti v. Seipp* (1967), 37 Ill. 2d 596, 598, 227 N.E.2d 758, 760.

In reply, the defendant concedes that, once the evidence has demonstrated that he entered the plaintiff's lane of traffic, the burden of going forward then shifts to him. The defendant suggests that he has met his burden. He fails to specify precisely how he has done so, how-

ever.

In support of his position, the defendant seeks to rely on *Wolfe v. Whipple* (1969), 112 Ill. App. 2d 255, 251 N.E.2d 77. That case is clearly different than the case now before the court, however.

In *Wolfe v. Whipple*, the plaintiff was a police officer who had pulled his stalled vehicle partly off the road. The defendant was approaching from the opposite direction when he spotted the police car with its red light flashing, slammed on his brakes, and skidded across the road on the wet pavement into the police car. The trial court directed a verdict for the plaintiff at the close of all the evidence. We reversed because there was evidence that the defendant applied his brakes in an alarm reaction to the flashing, oscillating light, viewed when the defendant was one second away from the police car and not visible to the defendant before that time. (*Wolfe v. Whipple* (1969), 112 Ill. App. 2d 255, 251 N.E.2d 77.) In contrast to the instant case, the defendant in *Whipple* met his burden of providing an explanation for the skidding of his car into the other lane.

We find no such explanation provided by the defendant here. The uncontroverted facts are that the impact occurred when the plaintiff's vehicle was entirely within its own lane of traffic. The assumed presence of a patch of ice fails to adequately explain or excuse the defendant's action. *Calvetti v. Seipp* (1967), 37 Ill. 2d 596, 227 N.E.2d 758.

We thus find it necessary to reverse and remand this cause to the circuit court of Grundy County with directions to enter a judgment notwithstanding the verdict in favor of the plaintiff and to grant the parties a new trial on the issue of damages only.

Reversed and remanded.

STOUDER, P.J., and ALLOY, J., concur.