DONALD L. JOHNSON, Adm'r of the Estate of Ronald M. Johnson, Sr., Deceased, Plaintiff-Appellant, v. MAX E. COLLEY *et al.*, Defendants-Appellees.

First District (1st Division)   No. 83—1221

Opinion filed November 13, 1984.—Rehearing denied December 12, 1984.

Gray, Kleczek & Kielian, of Joliet, for appellant.

John W. Gilligan and John J. Daley III, both of Crooks & Gilligan, Ltd., of Chicago, for appellees.

JUSTICE McGLOON delivered the opinion of the court:

Plaintiff, Donald L. Johnson, as executor of the estate of his son Ronald M. Johnson, Sr., brought a wrongful death action against defendants, All-American, Inc., and Max E. Colley. The jury found defendants liable and assessed damages at $1,282,488.96. However, the jury also found plaintiff's decedent 60% contributorily negligent and reduced the award accordingly. (See *Alvis v. Ribar* (1981), 85 Ill. 2d 1, 421 N.E.2d 886.) Plaintiff appeals, contending (1) the jury finding that decedent was 60% contributorily negligent is contrary to the manifest weight of the evidence; and (2) the trial court erred in not instructing the jury it could consider the worth of decedent's instruction and moral training to his minor children.

We affirm in part, reverse in part, and remand.

Decedent died as a result of an accident involving three trucks and two automobiles on Interstate 55. At about 5 a.m. on December 30, 1977, a semitrailer truck owned by All-American and driven by Max Colley was stopped so that the trailer completely blocked both southbound lanes of I-55. Colley did not testify, and there was no evidence to indicate how the truck came to that position. There is also no evidence to indicate what, if any, measures Colley took to warn other drivers. However, it is undisputed that Colley did not place flares near the truck. It is also undisputed that the weather was extremely foggy and visibility was extremely limited.

Decedent, his wife and four sons, ages 13, 12, 7 and 5, were driving to their home in Arizona. Their car struck the side of defendant's trailer, passed underneath the trailer, and came to rest on the median strip, an undetermined distance beyond the trailer. The top of decedent's car was sheared off, and decedent suffered fatal head injuries. Moments later, a car driven by David Gallery struck the trailer. Thereafter, two semitrailer trucks, driven by Dean Glesage and James Harris, respectively, separately struck defendant's trailer. At trial the cases were consolidated. The jury found defendants liable to each plaintiff. Jean Gallery, a passenger in the Gallery automobile, and decedent's family members were found free from contributory negligence. Dean Glesage was found 55% contributorily negligent, and James Harris was found 20% contributorily negligent. The estate of decedent is the only party-plaintiff to this appeal.

Donald Johnson, decedent's father, testified his son was a very careful driver. Defendant's objection to the question was sustained, but there was no motion to strike the answer.

Brett Johnson, decedent's son, testified he was 12 years old at the time of the accident. He was sitting in the front seat of their car. Although he never looked at the speedometer, the witness remembered they were "going slow." He did not remember seeing the truck but remembers the impact.

Ron Johnson, decedent's eldest son, testified he was also in the front seat at the time of the accident. He was trying to sleep. He heard his father say "oh no." The witness looked up and saw defendant's truck across both lanes of the highway. He did not see any lights on the truck.

David Gallery testified that the last few miles before he collided with defendant's truck he had reduced his speed to 10 or 15 miles per hour. About 15 to 20 minutes before the accident, he observed a car with Arizona license plates pass his car. The passing car was not traveling fast.

Robert J. Dartt testified he was an Illinois State trooper at the time of the accident. He was about six miles from the scene of the accident on I-55. Because of the fog, he traveled at 30-35 miles per hour to ensure his safety.

Initially, plaintiff argues that the jury verdict that decedent was 60% contributorily negligent is contrary to the manifest weight of the evidence.

A reviewing court can reverse a jury ascription of a percentage of contributory negligence if that determination is against the manifest weight of the evidence. *Bofman v. Material Service Corp.* (1984), 125 Ill. App. 3d 1053, 1061, 466 N.E.2d 1064.

Since Illinois adopted comparative negligence, the plaintiff has no burden to prove absence of contributory negligence. (*Mileur v. Briggerman* (1982), 110 Ill. App. 3d 721, 728, 442 N.E.2d 1356.) In *Kyrouac v. Brockman* (1983), 120 Ill. App. 3d 249, 457 N.E.2d 1074, we reversed a jury verdict for defendant and remanded the case with directions to enter a judgment in favor of plaintiff. In *Kyrouac*, we held that once it is determined that defendant was in plaintiff's lane of traffic, the defendant has the burden of proof to establish any contributory negligence on the part of plaintiff. *Kyrouac v. Brockman* (1983), 120 Ill. App. 3d 249, 252. See also *Calvetti v. Seipp* (1967), 37 Ill. 2d 596, 227 N.E.2d 758; *Sughero v. Jewel Tea Co., Inc.* (1967), 37 Ill. 2d 240, 226 N.E.2d 28.

In *Struthers v. Jack Baulos, Inc.* (1977), 52 Ill. App. 3d 823, 368

N.E.2d 148, plaintiff was traveling at about 50 miles per hour when he struck a truck stopped in the passing lane of the highway. (52 Ill. App. 3d 823, 828.) We held as a matter of law that plaintiff was not guilty of contributory negligence:

> "It is apparent that plaintiff's conduct was not contributorily negligent as a matter of law. He was traveling at night along his usual route under adverse weather and visibility conditions when he suddenly came upon the unlighted truck standing in the passing lane of the highway. Although plaintiff applied his brakes when he was first able to see the truck he could not avoid striking it." 52 Ill. App. 3d 823, 829.

In the case at bar, the defendant has not met its burden of establishing contributory negligence on the part of the decedent. The only evidence indicates decedent was driving slowly. Brett Johnson testified their car was going slowly. David Gallery testified the car with the Arizona license plates was traveling slowly when it passed him. Furthermore, Gallery indicated he was driving at between 10 and 15 miles an hour when he was passed about 15 to 20 minutes before the accident. In opening argument, defendant conceded decedent's car collided with defendant's truck moments before Gallery's car. Therefore, the only inference the jury could draw from this testimony is that decedent was driving at about 10 or 15 miles per hour. Finally, Officer Dartt indicated he believed he was able to ensure his own safety by driving at 30 to 35 miles per hour.

We reject defendant's argument that the jury could have reasonably inferred decedent was driving at an excessive speed because the top of decedent's car was sheared off completely. There was absolutely no evidence to indicate what force is necessary to incur such damages from which the jury could have been able to infer decedent's speed. A jury verdict must be based on the evidence adduced at trial and not mere conjecture or surmise. (*Ortiz v. City of Chicago* (1979), 79 Ill. App. 3d 902, 908, 398 N.E.2d 1007.) We conclude that there was no evidence to indicate decedent was contributorily negligent. Therefore, the jury determination that decedent was 60% contributorily negligent must be reversed.

Next, plaintiff argues the trial court erred in not instructing the jury that it could consider the value of decedent's moral training, instruction and education to his children. See Illinois Pattern Jury Instructions, Civil, No. 31.04 (2d ed. 1971).

In determining the propriety of instructions, they must be considered as a whole to determine whether the jury was fairly informed of the legal principles involved. "Any technical errors which do not

cause substantial prejudice will not be deemed grounds for reversal." *Papageorgiou v. F.W. Woolworth Co.* (1978), 66 Ill. App. 3d 873, 882, 383 N.E.2d 1346.

In the case at bar, we note that counsel for plaintiff informed this court his clients did not desire a new trial on damages. In light of this fact and the substantial damages awarded by the jury which we have now reinstated, we find that any error in that single instruction did not substantially prejudice plaintiff.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County finding in favor of plaintiff, reverse the jury's finding that decedent was 60% contributorily negligent, and remand the cause to the trial court with directions to enter judgment on the original award of the jury assessing plaintiff's damages in the amount of $1,282,488.96.

Judgment affirmed in part, reversed in part; cause remanded.

BUCKLEY, P.J., and O'CONNOR, J., concur.