ALEXANDER JOSEPH OSBORNE, SR., Plaintiff-Appellant, v. JOSEPH E. O'BRIEN *et al.*, Defendant-Appellee.

Third District No. 3—84—0034

Opinion filed June 14, 1985.—Rehearing denied July 24, 1985.

BARRY, J., dissenting.

Diane E. Greanias and Warren E. Danz, both of Danz & Kleczek, P.C., of Peoria, for appellant.

Robert V. Dewey, Jr., and Bradford B. Ingram, both of Heyl, Royster, Voelker & Allen, of Peoria, for appellee.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

The plaintiff, Alexander Joseph Osborne, filed suit against the defendant, Joseph O'Brien, for injuries sustained when the van in which Osborne was a passenger was struck by the car driven by the defendant. At the close of the evidence, the jury entered a verdict for the defendant. The plaintiff moved for the entry of judgment

notwithstanding the verdict. The trial court denied this motion. The plaintiff now appeals.

The standard for granting judgment *n.o.v.* was established in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504. Under the *Pedrick* standard, a judgment *n.o.v.* should be entered "only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14.

■■ ■ In the instant case, it was not disputed that the defendant's car was partially within the wrong traffic lane when it struck the van. It was also undisputed that the van in which the plaintiff rode was fully within the proper lane. In such a situation, the rule is that the defendant has the burden of proving that the accident was caused by conditions and events other than the defendant's own negligence. (*Cruse v. Hines* (1981), 92 Ill. App. 3d 884, 889, 416 N.E.2d 710, 714.) The issue in the instant case, then, is whether the evidence presented at trial as to the lack of negligence by the defendant, when viewed most favorably to the defendant, so overwhelmingly favors the plaintiff that the jury's verdict for the defendant cannot stand. After a careful review of the record, we find that the trial court did not err in denying the plaintiff's motion for judgment *n.o.v.*

The defendant testified both under cross-examination by the plaintiff and on his own behalf. According to the defendant's testimony, he left his home at 7:30 a.m. on the morning of January 15, 1981. The temperature of the air was characterized as around freezing or between 10 and 33 degrees. It was dark and misty.

The defendant resided on Detweiller Drive. Detweiller Drive traversed Detweiller Park. The drive had several hills and turns in its course. The defendant normally traveled on the drive to go to work. The defendant testified that the drive was sometimes closed with barricades when the weather made the drive dangerous. There were no barricades in place on January 15. The defendant also testified that even if the drive was not barricaded, he sometimes took an alternate route if he felt that travel on the drive would be hazardous due to the weather.

On the morning of the accident, the defendant drove out of his driveway directly onto Detweiller Drive. He testified that he had no reason to believe that the drive would be slippery. His car had front wheel drive. There was no snow on the roads.

He traveled east for one-tenth of a mile to the point where Det-

weiller Drive separates into two branches. Once the defendant had passed this point, there was no place to stop or turn around. The defendant took the north branch. He had traveled another four-tenths of a mile when he initially noticed that there were spots of slipperiness on the road. Immediately after he noticed that the road was slippery, the defendant slowed his speed as the car began traveling down a steep hill. Partway down the hill, the rear of the car slid to the left. The defendant testified that when he began to slide, he pumped the brake, turned the wheel in several directions, braked and then released the brake. He attempted to steer the car off the road. However, the car continued to slide sideways down the hill. The defendant estimated the length of the hill as 200 yards.

Halfway down the hill, the defendant saw the van approaching him. The van pulled to the far side of the road against the curb. At the bottom of the hill, the drive curved to the right. The defendant's car did not follow the curve, but continued to slide straight. Consequently, the rear of the defendant's car crossed the median line and went into the opposite lane of traffic. Ultimately, the rear of the car struck the driver's side of the van in which the plaintiff was riding. The distance between the beginning of the car's slide and the point of impact was two-tenths of a mile. Thus, the accident occurred seven-tenths of a mile from the defendant's home.

Following the accident, the Peoria police were called to the scene. An ambulance was called for the plaintiff. While waiting for the police, the plaintiff, the driver of the van and the defendant walked further down the road to avoid being hit by cars coming down the road. Later that morning, the Peoria park district barricaded the road and spread cinders or salt.

The plaintiff argues on appeal that the above facts demonstrate that the accident resulted from the defendant's negligence. The plaintiff asserts that the defendant was negligent in failing to anticipate the road conditions, in traveling at an unsafe speed, and in failing to steer or brake properly. See *Calvetti v. Seipp* (1967), 37 Ill. 2d 596, 227 N.E.2d 758.

We find that the evidence that the accident was caused by factors other than the defendant's negligence, when viewed most favorably to the defendant, does not so overwhelmingly favor the plaintiff that the jury's verdict cannot stand. The defendant presented evidence that he could not anticipate the hazardousness of the road. This evidence was supported both by the park district's failure to take precautions prior to the accident and by the plaintiff's own use of the road. Additionally, the defendant had already passed the point

where he could turn around when he first noted the slipperiness.

The defendant testified that when he reached the top of the steep hill, he could see that the hill was going to be slippery. He, therefore, slowed his speed to 5 to 10 miles per hour. It was while proceeding down the hill at this speed that his car slid. Thus, the evidence showed that he was not traveling at an unsafe speed.

Finally, the defendant testified that he tried various maneuvers, including trying to drive off of the road on his side of the drive, to avoid sliding down the hill. These efforts all failed. The defendant presented evidence that he did not fail to brake or steer properly. When the sum of the evidence regarding the lack of negligence is taken most favorably to the defendant, it is clear that the jury's verdict must stand.

The cases cited by the plaintiff are inapposite. In *Calvetti v. Seipp* (1967), 37 Ill. 2d 596, 227 N.E.2d 758, the defendant failed to present *any* evidence that her own negligence was not the cause of the accident. In *Sughero v. Jewel Tea Co.* (1967), 37 Ill. 2d 240, 226 N.E.2d 28, the defendant failed to stop at a stop sign although the two cars before him had safely stopped. However, the two cars to which the defendant driver was compared passed through the intersection at the same moment as the defendant, not some time later, as in the instant case. In *Kyrouac v. Brockman* (1983), 120 Ill. App. 3d 249, 457 N.E.2d 1074, the defendant testified that he assumed that a patch of ice caused him to lose control of his car, but that he had not seen any ice. He presented no additional evidence that he was not negligent. Finally, in *Whitlock v. Evans* (1968), 99 Ill. App. 2d 32, 240 N.E.2d 513, the defendant failed to stop for a stop sign. However, the defendant testified that he did not begin braking until he was 10 feet from the sign.

The evidence introduced by the defendant in the instant case demonstrating his lack of negligence far exceeds that presented in the cases above. We, therefore, find that the trial court did not err in denying the plaintiff's motion for judgment *n.o.v.*

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

STOUDER, J., concurs.

JUSTICE BARRY, dissenting:

I dissent. In my opinion all of the evidence, even when viewed in its aspect most favorable to the defendant, so overwhelmingly fa-

vors the plaintiff that the jury's verdict for defendant cannot stand. The plaintiff, a passenger in the van, was not guilty of any negligence. In fact, the defendant admits that the driver of the van did all he could to avoid the accident by curbing the van.

On the other hand, we have a defendant who was well acquainted with the curves, hills and valleys of Detweiller Drive, having lived in the same neighborhood for 10 years and having regularly traveled the route on which the accident occurred to and from work since at least 1975. He knew that the drive occasionally got slick and hazardous during the winter. Defendant was also well acquainted with the model of the vehicle he operated on the date of the accident. Although the particular model was only a few months old at the time, defendant had driven an earlier model of the same car for two years prior to the instant accident. His 1981 Oldsmobile Toronado was large and featured front-wheel drive, and the defendant testified that it had no mechanical problems immediately prior to impact.

Of particular note are the following observations of the defendant. On the day of the accident he was aware of the inclement weather conditions, the drizzle and the freezing or below-freezing temperature. He ran onto patches of ice about a block's distance from his home and felt his car slip on the ice. He further testified that he traveled one-tenth of a mile before reaching the fork in Detweiller Drive, after which he could not turn around, that the hill was 200 yards long, that he started to slide partway down the hill, continued to slide to the place of accident, and that the slide was two-tenths of a mile long.

Despite the defendant's knowledge of the slippery road conditions, which would caution a prudent person to reduce his speed sufficiently to ensure safe handling of his vehicle on a road he knew, the defendant either reached the top of the hill going too fast for the known conditions, or he mishandled the vehicle when he hit the ice by braking and losing control after starting down, thereby causing the car to fishtail, slide down the hill and plough into the van.

As aforesaid, the driver of the van in which plaintiff was a passenger, a William Welch, was not only entirely nonnegligent but he had taken every conceivable precaution to avoid a collision under the circumstances. Welch had curbed the van in its own lane of travel and pulled to a stop before the accident occurred. Welch and Osborne had braced themselves so as to absorb the impact to the extent possible when they observed the broadside of defendant's car sliding down the hill towards them. It should be noted that other ve-

hicles observed traveling along Detweiller Drive maintained sufficient control up and down the hill to avoid sliding into the parties' vehicles.

It is axiomatic that when a collision occurs and the vehicle in which an innocent plaintiff is riding is entirely within its own lane, the defendant bears the burden of providing some explanation, other than his own negligence, for the fact that his vehicle is on the wrong side of the road and out of control. (*Sughero v. Jewel Tea Co.* (1967), 37 Ill. 2d 240, 242, 226 N.E.2d 28, 29; *Cruse v. Hines* (1981), 92 Ill. App. 3d 884, 889, 416 N.E.2d 710, 714.) However, the majority takes the position that the weather and road conditions provide an adequate explanation when added to the self-serving testimony of the defendant. I cannot agree. This rationalization was rejected by our supreme court in *Calvetti v. Seipp* (1967), 37 Ill. 2d 596, 227 N.E.2d 758; in *Mayfield v. City of Springfield* (1982), 103 Ill. App. 3d 1114, 432 N.E.2d 617; and by this court in *Kyrouac v. Brockman* (1983), 120 Ill. App. 3d 249, 457 N.E.2d 1074. Further, I find that the defendant's testimony is not worthy of belief. He indicates that the hill was 600 feet (200 yards) long, that he began the slide partway down the hill and that the distance between the beginning of the car's slide and the point of impact was .2 of a mile (more than 1,000 feet). Such does not by my view explain away his negligence, the only proximate cause of the injury to this plaintiff.

As I view the evidence in this case, the defendant was fully knowledgeable of the hazardous road and weather conditions by the time he reached about a block distance after leaving his home, well before commencing the skid that led to the crash. His explanation of the accident was legally inadequate. The evidence presented at trial does not support a finding of no liability on the defendant's part. Even if believing all of the defendant's testimony, I would find him negligent as a matter of law.

Upon the return of the jury's verdict for the defendant, the trial court should have granted plaintiff's motion for judgment notwithstanding the verdict and motion for a new trial on damages.