ROBERT GOULD, A Minor, by Lawrence Clark, his Guardian and Next Friend, Plaintiff-Appellant, v. GERALD SPREITZER, SR., Indiv. and as Next Friend of Gerald Spreitzer, a Minor, Defendant-Appellee.

Second District No. 85—0761

Opinion filed July 23, 1986.

Ialongo & Meyer, of Chicago, for appellant.

Robert E. Dyer, of Rathje, Woodward, Dyer & Burt, of Wheaton, for appellee.

JUSTICE SCHNAKE delivered the opinion of the court:

Plaintiff, Robert Gould, appeals from a jury verdict in favor of defendant, Gerald Spreitzer, Jr., in his suit for personal injuries resulting from a fall from defendant's pickup truck. Plaintiff claims that

the trial court should have granted his motion for a directed verdict, and in the alternative that the jury's verdict is contrary to the manifest weight of the evidence.

On November 2, 1982, defendant, then age 17, picked up plaintiff, then age 15, and two fellow high school students, in his pickup truck, in order to drive them to a football game. Plaintiff and his friend, A. J. Bevilacquia, rode in the bed of the truck while defendant and another boy rode in the cab. They went to pick up another student, named Tony. As they neared Tony's house, the plaintiff and Bevilacquia stood up in the bed of the truck and began slapping or banging on the roof and side windows of the truck. In response to this "horsing around," defendant quickly turned the wheel of the truck back and forth several times. Plaintiff fell from the truck and injured his arm.

The complaint was filed on March 21, 1983. Since both parties were minors, the suit was filed by Gould's guardian, Lawrence Clark, against Gerald Spreitzer, Sr., defendant's father. For convenience we refer to the real parties in interest simply as plaintiff and defendant. At trial, the defendant admitted he and the other youths were engaged in "horseplay" as he was driving the truck and admitted turning the wheel back and forth quickly. At the close of all the evidence, plaintiff moved for a directed verdict based on the defendant's admission of negligence. The trial court denied the motion and submitted the cause to the jury, which returned a verdict for the defendant. The court denied plaintiff's post-trial motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, and plaintiff appeals.

Plaintiff argues that the trial court erred in denying his motions for a directed verdict and for judgment *n.o.v.* based on defendant's admitted negligent conduct or, in the alternative, that the jury's verdict was against the manifest weight of the evidence. We examine the latter contention first.

In its letter ruling accompanying its order denying plaintiff's post-trial motion, the court stated that issues of proximate cause were present which should have been left to the jury. The court felt that, given the plaintiff's conduct in standing up in the bed of a moving pickup truck, failing to hold onto parts of the truck which were available for that purpose and distracting the driver by pounding on the roof and windows, the jury's verdict was not against the manifest weight of of the evidence.

■■■ "[P]roof of negligence consists of showing a duty to the person injured, a breach of that duty and an injury proximately resulting from such breach." (*Neering v. Illinois Central R.R. Co.* (1943), 383

Ill. 366, 382, 50 N.E.2d 497.) Proximate cause is essentially a question of foreseeability of ensuing harm. A negligent act is a proximate cause of an injury if the injury is of a type which a reasonable man would see as a likely result of his conduct. (*Phelan v. Santelli* (1975), 30 Ill. App. 3d 657, 662, 334 N.E.2d 391.) In *Phelan,* defendant was backing his car on a narrow country road. The car was just beyond the crest of a hill, so that it could not be seen by a car climbing the other side of the hill until the approaching car was but a few feet away. The car in which plaintiff was riding was climbing the hill at a high rate of speed. It collided with defendant's car, severely injuring plaintiff. Defendant argued that plaintiff's driver driving at a high rate of speed was the true proximate cause of the accident. Applying the foreseeability test, the court concluded that being struck by a car cresting the hill at a high rate of speed was reasonably foreseeable from the defendant's point of view and thus his conduct in backing the car on the pavement near the crest of the hill—in violation of a State statute—was the proximate cause of the collision. It was not established that plaintiff's driver was speeding or otherwise driving negligently.

▪ Unlike *Phelan,* plaintiff in the present case concedes that his comparative negligence is an issue. Plaintiff claims that the trial court should have directed a verdict that defendant was negligent and allowed the jury to fix the percentage of plaintiff's comparative negligence. He argues that under *Phelan* it was reasonably foreseeable to the defendant that his conduct in turning the wheel of the truck sharply might result in the plaintiff being thrown to the ground. We think that applying the foreseeability analysis to the *plaintiff's* conduct, however, supports a finding that plaintiff's own conduct in standing up in the bed of a moving pickup truck was the sole proximate cause of his injuries. It was foreseeable, even considering plaintiff's young age, that the initiating of "horseplay" with the defendant might provoke some reaction by the latter. It was certainly foreseeable to plaintiff that standing in the bed of a moving truck without attempting to secure himself by holding onto some part of the truck might result in his being thrown off if the truck veered sharply for some reason.

*Ranson v. Wilson* (1948), 335 Ill. App. 7, 80 N.E.2d 381, is superficially similar to the case at bar, in that plaintiff's decedent was thrown from the back of a flatbed truck when defendant driver swerved suddenly to wave at two young women. In that case, however, the jury had impliedly found that decedent was not contributorily negligent, and the court found this conclusion was supported by

the evidence.

In *Old Second National Bank v. Baumann* (1980), 86 Ill. App. 3d 547, 408 N.E.2d 224, which was distinguished by the trial court in its letter ruling, it was held that plaintiff's riding in the bed of defendant's pickup was not contributorily negligent *per se*. Plaintiff, however, was seated and holding onto the sides of the truck at the time of the accident. Thus, defendant's driving the truck off the road and flipping it over was *prima facie* evidence of negligence, which defendant failed to rebut.

Other cases cited by plaintiff are also distinguishable, because plaintiff's conduct was not an issue. See *Sughero v. Jewel Tea Co.* (1967), 37 Ill. 2d 240, 226 N.E.2d 28; *House v. Stocker* (1975), 34 Ill. App. 3d 740, 340 N.E.2d 563.

■ The jury's verdict for the defendant is supported by evidence that plaintiff's own negligent conduct was the proximate cause of his injury. It follows that the trial court did not err in refusing to direct a verdict for the plaintiff. Thus, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

HOPF and STROUSE, JJ., concur.