(No. 62358 )

ALEXANDER JOSEPH OSBORNE, SR., Appellant, v. JOSEPH E. O'BRIEN *et al.*, Appellees.

*Opinion filed October 17, 1986.*

Danz & Kleczek, P.C., of Peoria (Diane E. Greanias, of counsel), for appellant.

Heyl, Royster, Voelker & Allen, of Peoria (Robert V. Dewey, Jr., and Bradford B. Ingram, of counsel), for appellees.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Alexander Joseph Osborne, Sr., appealed

from the judgment of the circuit court of Peoria County entered upon a jury verdict in favor of defendants, Joseph E. O'Brien and O'Brien Steel Service, Inc. The appellate court affirmed (134 Ill. App. 3d 240), and we allowed plaintiff's petition for leave to appeal (103 Ill. 2d R. 315(a)). The facts are stated in the opinion of the appellate court and will be reviewed here only to the extent necessary to discuss the issues.

Plaintiff brought this action to recover damages for injuries suffered when a van in which he was a passenger was struck by an automobile driven by Joseph E. O'Brien (defendant) and owned by O'Brien Steel Service, Inc. The collision occurred on January 15, 1981, on Detweiller Drive in Peoria. Detweiller Drive runs through and is the only access to Detweiller Park. Defendant testified that it is a curvy, hilly, rough, two-lane road which descends approximately 600 feet from the city of Peoria to Illinois Route 29. Defendant testified that he usually drove down Detweiller Drive on the way to work. He followed that route except during severe weather when the drive was barricaded by the park district. On some occasions, even in the absence of a barricade, he did not take Detweiller Drive if he knew there was heavy snow. On the date of the collision, defendant resided in Peoria on Detweiller Drive near the top of the park. When defendant left for work on that morning, he had no reason to believe that Detweiller Drive would be icy or slippery because, although the weather was somewhat damp, it was not necessary to use windshield wipers.

Defendant turned east from his driveway and proceeded down a very short, steep hill to a "Y" intersection which marks the entrance to Detweiller Park. Prior to entering the park, defendant had encountered no slippery spots or patches of ice. He did not discover that the drive was slippery in spots until he was past the "Y" intersection and in the park; he had negotiated several

curves and hills and was close to the long grade at the end of which the collision occurred. The rear end of defendant's car began to slide to the left. He attempted a number of remedial measures, including pumping the brakes and turning the steering wheel in both directions. Despite these efforts, the car continued to slide sideways down the hill, which defendant estimated to be 200 yards in length.

About halfway down the hill, defendant noticed a van approaching him. The driver had pulled the van to the far right side of the road and against the curb. Near the end of the downgrade, the drive curved to the right; however, defendant's car did not follow the curve but continued to slide straight and crossed the median line into the opposite lane of traffic. The left rear of defendant's car struck the front and left side of the van. The distance between the beginning of defendant's slide and the point of impact was determined to be two-tenths of a mile. There were some inconsistencies in defendant's testimony when called under section 2—1102 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1102) and when he testified during his case in chief, concerning his estimates of the distances involved. He testified that between his two appearances he had driven over the route and checked the distances on his odometer.

For the most part, the facts are not in dispute. There is disagreement concerning the estimates of the speed at which defendant's car was traveling. Plaintiff testified that he observed defendant coming down the hill at what appeared to be 15 to 20 miles per hour. Defendant testified that when he reached the top of the steep hill, he could see that the hill was going to be slippery and, therefore, slowed his speed to 5 to 10 miles per hour. The only evidence indicative of defendant's speed, other than the parties' testimony, is that when defendant's car

struck the van, it pushed it over the curb and knocked the right tire off the rim. The left front of the van also suffered extensive damage.

The testimony shows that, while defendant and the occupants of the van were waiting for the police to arrive, other vehicles slid down the hill. No testimony was offered by either party concerning whether any of these vehicles slid across the center line.

Following the jury's return of the verdict in favor of defendants, plaintiff filed a post-trial motion requesting entry of a judgment notwithstanding the verdict and, alternatively, for a new trial. The motion was denied.

Citing the standards enunciated in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, plaintiff argues that the motion for judgment notwithstanding the verdict should have been allowed because this is one of "those cases in which all of the evidence, when viewed in its aspect most favorable to [defendant], so overwhelmingly favors [plaintiff] that no contrary verdict based on that evidence could ever stand." (37 Ill. 2d 494, 510.) Relying on this court's decisions in *Calvetti v. Seipp* (1967), 37 Ill. 2d 596, and *Sughero v. Jewel Tea Co.* (1967), 37 Ill. 2d 240, plaintiff argues that because defendant's automobile was partially in the wrong lane of traffic when the collision occurred, there arose an inference of negligence and defendant had the burden of proving that the collision was caused by conditions and events other than his own negligence.

Defendants argue that the circuit court correctly denied plaintiff's post-trial motion because defendants fulfilled their burden of going forward with evidence on the issue of negligence. Defendants argue that the cases upon which plaintiff relies are distinguishable. They assert that in *Calvetti* the defendant made no affirmative showing of what caused her vehicle to skid into the opposite lane and collide with the plaintiff's vehicle, thus

leaving no inference other than that of negligence.

In *Sughero v. Jewel Tea Co.* (1967), 37 Ill. 2d 240, the defendant was driving a tractor unit in the inside eastbound lane of Belmont Avenue. His vehicle was the fourth in a line of five when the first automobile stopped suddenly. The defendant applied the brakes and "spun," went into the westbound lane and stopped. The automobile following the defendant stopped without any mishap. The circuit court directed a verdict in favor of the plaintiff, driver of the westbound automobile which struck the defendant's tractor. The appellate court affirmed. (*Sughero v. Jewel Tea Co.* (1966), 66 Ill. App. 2d 353.) In affirming the judgment this court said:

> "[Defendant's] only explanation of the skid was that he made a quick stop on the wet asphalt because of the abrupt stop of the cars in front of him. As the appellate court noted, however, the fact that the two automobiles in front of him and the truck behind him were under sufficient control to stop safely within their lane of traffic indicates that he did not have his vehicle under proper control. We think the appellate court's conclusion was correct on this issue." 37 Ill. 2d 240, 242.

In *Calvetti v. Seipp* (1967), 37 Ill. 2d 596, the plaintiff's and the defendant's automobiles collided on the plaintiff's side of the road. The circuit court entered judgment on a jury verdict in favor of the defendant. The appellate court reversed (*Calvetti v. Seipp* (1966), 70 Ill. App. 2d 58) and remanded the cause for trial on the sole issue of damages. In affirming the judgment this court said:

> "[N]o affirmative showing was made by defendant that the skid into the opposite lane in front of the plaintiff's car happened without negligence on her part. She made no effort to show that she was not driving too fast for road and weather conditions, or that some unavoidable event caused her to lose control. * * *
> We think defendant ought to have shown that the dan-

ger could not have been anticipated, that her speed was reasonable in view of the weather and road conditions and that her turn to the right did not, as it would normally do, cause the rear end to slide in the opposite direction." *Calvetti v. Seipp* (1967), 37 Ill. 2d 596, 598-99.

Simply stated, the rationale of *Sughero* and *Calvetti* is that upon a plaintiff's showing that a collision between vehicles occupied by a plaintiff and driven by a defendant occurred on the plaintiff's side of the road, the plaintiff has made a *prima facie* case of the defendant's negligence. It is then incumbent on the defendant to adduce evidence to show that his vehicle was in that position because of some reason other than his own negligence. If he makes a showing sufficient to raise an issue of fact, the question of his negligence is for the jury.

In *Sughero*, the evidence was insufficient to take the case to the jury because the evidence showed the defendant did not have his vehicle under proper control. In *Calvetti*, the court stated what would constitute a showing of no negligence on the defendant's part and held that the evidence was insufficient.

In *Johnson v. Colley* (1986), 111 Ill. 2d 468, this court declined to overturn a jury finding that the plaintiff's decedent was 60% negligent when, in dense fog, he drove his car into a truck that was blocking the road. The decedent's automobile struck the truck with sufficient force to cause the automobile to run underneath the truck and shear off the automobile's top. There was testimony that the condition of the road was slippery and that visibility was very poor. Although the key issue here is defendant's negligence, whereas in *Johnson* there was no question of the defendant's negligence and the key issue was the plaintiff's decedent's contributory negligence, we find equally applicable our observation in *Johnson*:

> "Whether conduct was negligent or contributorily negligent is rarely decided as a matter of law. The determi-

nation of what conduct is negligent or contributorily negligent is a composite of the experiences of average people, and is left to the jury for evaluation." 111 Ill. 2d 468, 475.

In our opinion, the record shows that defendants introduced evidence sufficient to submit to the jury the question whether the skid of defendant's automobile was the result of some cause other than his negligence. The testimony was undisputed that there was no barricade on Detweiller Drive and that defendant had no reason to anticipate difficulty in driving his usual route. It shows that defendant was not aware of skidding hazards until he had entered the road that leads through the park, and further that there is no crossroad or intersection through which he could have left Detweiller Drive. The evidence shows, too, that other vehicles coming down the hill skidded, as did defendant's, and there was no testimony to show whether any of these vehicles, in the course of the skid, crossed into the opposite lane.

Although both the estimates of the speed at which defendant's car was traveling, and defendant's own estimates of distances, were varied, the evidence was sufficient to support a verdict in favor of defendants. We do not agree with plaintiff that this is one of "those cases in which all of the evidence, when viewed in its aspect most favorable to the [defendant], so overwhelmingly favors [plaintiff] that no contrary verdict based on that evidence could ever stand." (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510.) The circuit court did not err in denying plaintiff's post-trial motion.

For the reasons herein stated, the judgment of the appellate court is affirmed.

*Judgment affirmed.*